Samuel Rabin, J.
In this action for a declaratory judgment in which plaintiff seeks to have section 35 of the General City Law declared unconstitutional in its application to her property, plaintiff now moves for summary judgment, and defendants cross-move for summary judgment.
Plaintiff is the owner of a parcel of vacant land located at 94-66 158th Street in the county of Queens. She acquired title thereto on June 16, 1952 by foreclosing a transfer of tax lien which she had purchased from the defendant city. Plaintiff’s property lies in an unrestricted use district in which the erection of a nonstorage garage is permitted by the zoning ordinance.
On March 1, 1951, the Board of Estimate of the City of New York adopted a map laying out the confines of the proposed Atlantic Avenue Extension from Van Wyck Boulevard to Liberty Avenue. More than 80% of plaintiff’s property lies in the bed of said proposed street.
Sometime prior to December 30, 1954, plaintiff applied for a building permit for the erection of a nonstorage garage, but on that date her application was denied on the ground that the erection of a garage in the bed of a mapped street is forbidden by section 35 of the General City Law.
Thereafter, plaintiff appealed to the Board of Standards and Appeals for a variance and after a hearing that board granted a variance on condition “ that the building shall in all other respects meet all other requirements of all other laws applicable thereto; that in the event of condemnation the cost shall be amortized over a term of ten years at the rate of ten percent per year starting from the completion of the building.”
Plaintiff’s property has not been taken in condemnation proceedings and, of course, she has not been compensated in any way for the restrictions placed on the use of her property. She has been paying taxes on it, but has derived no income therefrom.
In support of her motion for summary judgment, plaintiff submits an affidavit by a professional engineer, who is also the *771 architect who designed the proposed building for the plaintiff. He states that the proposed building was to be a brick and steel one-story garage 15 feet high and 25 by 100 feet in area. In his opinion, the minimum useful life of the proposed building would be 50 years. This estimate is not controverted in the opposing affidavit.
Plaintiff contends that the conditions upon which the variance was granted constitute an onerous and confiscatory burden and, in effect, constitute the taking of her property without just compensation in violation of the Federal and State Constitutions.
The first point in defendants ’ brief is: “ Section 35 of the General City Law standing by itself is a lawful exercise of the police power and does not violate the Constitution”. (Emphasis supplied.) Assuming the truth of this proposition, it is not decisive either of this action or of this motion for section 35 of the General City Law is not being considered in the abstract, but in its application to the facts of this case. If the defendants have so restricted plaintiff’s use of her property that it cannot be used for any reasonable purpose for an indefinite period of time, then they have acted beyond the bounds of permissive regulation and their action constitutes a taking of the property. (Arverne Bay Constr. Co. v. Thatcher, 278 N. Y. 222, 232.)
Defendants’ second point is that the restriction imposed by the Board of Standards and Appeals does not render the statute unconstitutional with respect to plaintiff’s property. In support of this proposition, defendants cite Vangellow v. City of Rochester (190 Misc. 128). In that very case, however, which involved merely setting back new buildings 10 feet from the building line, the court said (p. 134): “ It is true that no valid condition could be imposed requiring plaintiffs, their successors or assigns, to surrender the right to just compensation in event that the city should later condemn the ten-foot strip. ’ ’ In the same case, the court also said (p. 135): “ While the zoning board of appeals could not, unless the evidence before it were to be widely different from that which is now before the court, refuse to permit the construction of showrooms on the ground floor up to the existing street line, nor impose as a condition thereof that plaintiffs should’ waive the right to just compensation when and if the street is widened ”. (Emphasis supplied.)
But that in effect is exactly the condition that the Board of Standards and Appeals imposed here. Plaintiff is to receive no compensation for the building if condemnation takes place more t-ban 10 years from the completion thereof, though it may *772 still have a useful life of 40 years. If the condemnation takes place sooner, plaintiff’s compensation will be reduced by 10% for each year that has elapsed, although proper depreciation would be closer to 2%.
It is clear that the application of the law to plaintiff’s property under the conditions imposed constitutes the taking of her property without just compensation.
Defendants’ third point is that plaintiff’s remedy should be a review of the board’s action by certiorari rather than by this action for a declaratory judgment. Suffice it to say that an action for a declaratory judgment is a proper remedy available to the plaintiff. (Vernon Park Realty v. City of Mt. Vernon, 307 N. Y. 493, 500; Arverne Bay Constr. Co. v. Thatcher, 278 N. Y. 222, 227, supra; Baddour v. City of Long Beach, 279 N. Y. 167, 177.)
Defendants attempt to distinguish this case from cases where a variance was denied on the ground that in this case the Board of Standards and Appeals granted a variance upon certain conditions. The conditions, however, are confiscatory in part during the first 10 years, completely after the tenth year.
Defendants’ fourth point is that a question of fact is presented as to whether the condition imposed by the Board of Standards and Appeals is reasonable. They contend that the presence of an issue of fact renders an action for a declaratory judgment improper. Questions of fact can be determined in actions for declaratory judgments, as well as in any other actions. (Cf. Rules Civ. Prac., rule 213.)
The presence of an issue of fact would, of course, require a denial of the motion for summary judgment. In this case, however, no issue of fact is presented where the board arbitrarily set a 10-year life expectancy on a building which would normally stand for 50 years. Defendants have not controverted plaintiff’s engineer’s affidavit. Moreover, defendants at page 26 of their brief state: ‘' The value of the building at any given time will vary. What that value will be ten years after its completion is necessarily an issue of fact.” But the board arbitrarily set that value at naught. What the value may be if and when the city condemns the property undoubtedly will be a question of fact, but that it will have some value cannot be gainsaid. From the undisputed facts, it is apparent that plaintiff has been deprived of her property without due process. (Roer Constr. Corp. v. City of New Rochelle, 207 Misc. 46.)
Plaintiff’s motion for summary judgment is granted. Defendants’ cross motion is denied.
Settle order.