Bentley Kassal, J.
Lenox Hill Hospital is seeking to recover the sum of $3,567.07, representing a hospital hill for services *578 rendered to defendant’s former wife in 1966 and 1967. The parties had been divorced in Alabama in 1956, more than 10 years before the former wife had been admitted into the hospital to have a biopsy performed. Defendant conceded he signed a consent form some time after her admission and plaintiff’s case revolves around this unambiguous consent, which is on the reverse side of the admission sheet.
The consent form reads: “ I hereby consent to the administration and/or to the performance of any surgical procedure upon my wife which in the judgment of the doctors of the Lenox Hill Hospital becomes necessary while she is a patient in said hospital and I waive all claims to prior notification thereto. My relationship to the patient is that of Husband ’ ’. (The underlining appears on the printed form and the words above the underlining were all handwritten by the admitting clerk.)
Defendant testified he had gone to the hospital after being requested to do so by a telephone call, followed by a letter from the hospital officials. No letter was placed in evidence.
Although admitting he signed the form, he maintained that the words “ my wife ” “ she ” and “ husband ” had not been inserted when he signed the form. The admitting clerk testified, without qualification, that the form had been fully completed when it was signed in 1966 although she was unable to recognize the defendant in the courtroom.
Plaintiff bases defendant’s liability on two premises: defendant is estopped by this representation from proving he was not married to the patient at the time of the rendition of the services; and, even absent an estoppel, the Alabama divorce decree is void, defendant is the husband of the patient and he is responsible on the theory of necessaries.
A. ESTOPPEL
The estoppel contention is not tenable since plaintiff failed to sustain the burden of proof that the handwritten words had been inserted in the consent prior to defendant’s signing it. But, even if the court were satisfied that the words had been there when the form was signed, did plaintiff rely upon this as a representation in providing these hospital services?
Examining the facts more closely, the consent form is very narrow in scope and in authority — consent to anaesthetics and surgical procedures. Here the patient had already been admitted to the hospital before this form was signed and there was no showing that the hospital reasonably relied upon this claimed representation in the consent in providing either the *579 initial or any subsequent services to patient. Therefore, even assuming arguendo the words in question had been inserted “At or before the time defendant signed the consent, there is no proof that such representation had been relied upon by the hospital in rendering services to the patient or that the hospital, having so relied, would be prejudiced by the defendant’s change in that position.
To constitute estoppel, the person sought to be estopped must do some act or make some admission which is inconsistent with the claim he proposes to make, and such act or admission must have induced another to rightfully rely thereon and to change his position to his injury. (Ryder Truck Rental v. Williamstown Wire & Cable Co., 62 Misc 2d 848; 21 N. Y. Jur., Estoppel, § 15.)
B. NECESSARIES
With regard to this second theory of liability, that the defendant is responsible for necessaries rendered to his wife, the defendant testified at the trial that he was not married to Marie Firlial at the time of her hospitalization in 1966. In support of this, he offered into evidence an authenticated and exemplified copy of a final decree of divorce entered in the Circuit Court, Tenth Judicial Circuit of Alabama, on March 13, 1956. This decree was admitted into evidence over plaintiff’s objection.
Plaintiff argues that the divorce decree is not admissible because: “ (1) It does not indicate that either of the parties appeared in person or by counsel in the State of Alabama. (2) It fails to indicate compliance with any of the jurisdictional requirements as to residence or domicile. (3) It is defective in that it does not contain a certificate as to who has legal custody of the record, as provided by CPLR 4540.”
While grounds (1) and (2) are relevant to the question of whether the court will give full faith and credit to such a foreign divorce decree, they do not pertain to the question of admissibility of the decree into evidence.
As to the third exclusionary ground, the court finds that the authenticating certificate fully complies with the requirements of the United States Code (tit. 28, § 1738), and the decree is therefore admissible under CPLR 4543 irrespective of whether it complied with CPLR 4540. (Skrillow v. Rubonovits, 113 N. Y. S. 835.)
Plaintiff also seeks to attack collaterally the underlying divorce decree on the grounds that the Alabama decree was invalid for want of jurisdiction and therefore not entitled to full faith and credit. The court can see no basis on which plaintiff, as a creditor whose claim accrued 10 years after the *580 judgment was entered, has any standing now to challenge the decree. (Cf. 12 ALR 2d 717, 722 [1950].)
This court must give full faith and credit to the decree of divorce granted in Alabama [Williams v. North Carolina, 325 U. S. 226 [1944]; Johnson v. Muelberger, 340 U. S. 581 [1951] ; Magowan v. Magowan, 19 N Y 2d 296). While a judgment of divorce of a sister State may be attacked on the jurisdictional ground of lack of domicile, the attacker must first overeóme a presumption of validity. (Huber v. Huber, 26 Misc 2d 539.) The burden of undermining the decree, whether bilateral or ex parte, rests on the party attacking it. (De Luca v. De Luca, 284 App. Div. 987.) Clear and satisfactory "proof is required to sustain an attack on the validity of a foreign divorce decree. (Selkowits v. Selkowits, 272 App. Div. 1071.)
In any event, the plaintiff has failed to meet the above burden of proof. This court must therefore give full faith and credit to the Alabama divorce decree and dismiss any claim based on “ necessaries ”.
Judgment shall be entered dismissing the complaint.