■ LAWRENCE J. ANDREWS, as Commissioner of Social Services for the County of Columbia, Petitioner, v. ABE LAVINE, as Commissioner of Social Services of the State of New York, et al., Respondents.—Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Third Judicial Department by order of the Supreme Court at Special Term, entered in Columbia County) to review a determination of the Commissioner of Social Services of the State of New York, which affirmed a decision of the Commissioner of Social Services of Rensselaer County, denying medical assistance to respondent Theodore Wickware because he was not a resident of that county for the purpose of qualifying for the assistance. There is no dispute as to the facts in this case. Although a resident of Rensselaer County for over 80 years, respondent Theodore Wickware was admitted to the Stuyvesant Home for Adults in Columbia County on October 24, 1971, where he remained until March 8, 1972 when he suffered a stroke and was admitted to Columbia Memorial Hospital, likewise in Columbia County. Thereafter, on May 16, 1972, he was taken to the Hallmark Nursing Home in Rensselaer County where he is presently confined. The sole issue presented in this proceeding is whether the determination of the State Commissioner of Social Services, after a fair hearing, that respondent Wickware was not a resident of Rensselaer County for purposes of receiving medical assistance is supported by substantial evidence. We find that it is. The relevant statute is section 62 (subd. 1) of the Social Services Law which reads as follows: "Subject to reimbursement in the cases hereinafter provided for, each public welfare district shall be responsible for the assistance and care of any person who resides or is found in its territory and who is in need of public assistance and care which he is unable to provide for himself." The crucial period of residence for determining the liability for the payment of medical assistance under section 62 (subd. 5, par. [d]) is the time "immediately preceding the applicant's initial admission and subsequent continuous confinement." (*Matter of Owen* v. *Wyman*, 36 A D 2d 547, 548.) Here, it is uncontested that Wickware had been living in Columbia County as a private paying resident of the Stuyvesant Home for approximately four and one-half months prior to his admission to the hospital. Furthermore, he had sold his home in Rensselaer County and requested that his Social Security checks be sent to the Stuyvesant Home. The word residence as used in this statute should be given its ordinary and common meaning, that is, was the applicant living in Columbia or in Rensselaer County prior to his hospitalization. This interpretation is buttressed by a legislative memorandum of the Department of Social Services in support of section 62 (subd. 5, par. [d]) (N. Y. Legis. Annual, 1967, p. 150) where it reads: "This proposal would specifically impose responsibility on the district in which the patient lived at the time he entered the hospital". Determination confirmed, and petition dismissed, without costs. Herlihy, P. J., Sweeney, Kane, Main and Reynolds, JJ., concur.