■  ELIZABETH JENSEN, Respondent, v CITY OF NEW YORK, Appellant.— In an action *inter alia* to declare the unconstitutionality of a certain resolution and map adopted by the Board of Estimate of the City of New York, the defendant city appeals from an order of the Supreme Court, Richmond County, dated May 9, 1975, which (1) granted plaintiff's motion for summary judgment, (2) denied defendant's cross motion for summary judgment and (3) directed the entry of judgment in favor of plaintiff in the amount of $25,300, with interest, unless the defendant were to commence a condemnation proceeding within a specified period of time. Order modified, on the law, by (1) adding to the first decretal paragraph thereof, after the word "granted", the following: "to the extent that it is declared that the resolution and map, insofar as they affect the plaintiff's property, are unconstitutional and confiscatory" and (2) deleting the third decretal paragraph thereof. As so modified, order affirmed, without costs or disbursements, and action remanded to Special Term for a hearing in accordance herewith. The findings of fact are affirmed. From the sketch annexed to the complaint, it appears that the mapping of the streets by the defendant affected practically all of the plaintiff's land. The remaining unaffected portions were one infinitesimal triangle and another small triangle on opposite sides of the mapped street. The mapping therefore rendered plaintiff's land useless and, hence, was economically confiscatory. "If the impact of the planning map produces such substantial damage as to render the property useless for any reasonable purpose, there is an unconstitutional taking *(Arverne Bay Constr. Co. v. Thatcher,* 278 N. Y. 222, 232; *Forster v. Scott,* 136 N. Y. 577; *Rand v City of New York,* 3 Misc 2d 769; *Roer Constr. Corp. v. City of New Rochelle,* 207 Misc. 46)" *(Rochester Business Inst. v City of Rochester,* 25 AD2d 97, 102). In this action Special Term found damages on the improper theory of diminution in value. "The rule is abundantly clear that property must be appraised at its highest and best use and paid for accordingly. Where we find it is not, as we must necessarily do in this case, an improper theory of damages having been employed, we

must remit for retrial upon the proper theory" *(Matter of County of Nassau [Colony Beach Club of Lido]*, 43 AD2d 45, 48). Accordingly, the action has been remanded to Special Term for the purpose of determining what damages were suffered as a result of the mapping. Hopkins, Acting P. J., Martuscello, Cohalan, Rabin and Shapiro, JJ., concur.