■ CHRISTINE M. GRINCATO, Appellant-Respondent, v ANTHONY SBARRA, Respondent-Appellant.—In a negligence action to recover damages for personal injuries, plaintiff appeals from so much of an order of the Supreme Court, Queens County, dated August 12, 1974, as denied her motion for leave to serve an amended bill of particulars. Defendant cross-appeals from so much of the same order as denied his cross motion for summary judgment. Cross appeal dismissed, without costs or disbursements. The cross appeal was not perfected in accordance with the rules of this court (see *Howe Ave. Nursing Home v Nafus*, 54 AD2d 686 [decided therewith]). Order reversed insofar as appealed from, without costs or disbursements, and motion to serve an amended bill of particulars granted. Plaintiff's time to serve the amended bill of particulars is extended until 30 days after entry of the order to be made hereon. Under the circumstances outlined here, where there has been a delay by reason of counsel's professional arrangements and his misunderstanding of his adversary's consent to a portion of that delay, a meritorious cause with demonstrable injuries should not be foreclosed from a trial on the merits, particularly where no prejudice to defendant has been shown (see *Batista v St. Luke's Hosp.*, 46 AD2d 806). Hopkins, Acting P. J., Martuscello, Cohalan, Damiani and Shapiro, JJ., concur.

■ GRISOR, S.A., Appellant, v CITY OF NEW YORK et al., Respondents.— In an action *inter alia* to declare that a certain resolution of the defendant Board of Standards and Appeals is unconstitutional and void, plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Richmond County, dated November 14, 1975, which, *inter alia,* granted defendants' cross motion for summary judgment. Order and judgment reversed, without costs or disbursements, and action remanded to Special Term for a hearing in accordance herewith. Plaintiff seeks, among other things, a review of an adverse determination of the Board of Standards and Appeals regarding an application for a building permit for Lot 46, Block 4746, in the Borough of Richmond. The origin, precise location and exact dimensions of this lot are unclear from the record. This information is vital in view of plaintiff's claim of confiscation by virtue of the mapping of a street through its property. This court cannot determine whether the confiscation claim, which appears to be a primary issue on this appeal, is addressed to this lot only, or to all of the property alleged to be in plaintiff's ownership as of the date of the application. The record is also unclear as to the usability of the portion of the lot, or of the balance of the land, which is unencumbered by the mapped street (cf. *Jensen v City of New York*, 51 AD2d 1002). Also, without precise information as to the lot, the validity of the board's position as to an alternate location for the structure on Lot 46 cannot be reviewed. At the hearing to be held pursuant to this decision, Special Term should also ascertain the city's position as to whether its intention is to proceed with condemnation or to abandon the street. Gulotta, P. J., Hopkins, Latham, Cohalan and Hawkins, JJ., concur. [83 Misc 2d 1054.]