■    HOWE AVENUE NURSING HOME, INC., et al., Respondents-Appellants, v BOYD B. NAFUS et al., Respondents, and COUNTY OF WESTCHESTER, Appellant-Respondent.—In an action *inter alia* to set aside a transfer of real property and to compel the defendant county to pay the medical, hospital and nursing home bills of defendant Nafus, and to qualify the said defend-

ant for Medicaid coverage, the county appeals from (1) an order of the Supreme Court, Westchester County, dated March 30, 1976, which (a) denied its motion to dismiss the amended complaint, (b) enjoined it from failing to provide medical assistance to defendant Nafus pending an administrative hearing and (c) directed that plaintiffs be made parties to such administrative hearing and (2) a further order of the same court, entered June 4, 1976, which denied its renewal motion (labeling it as a motion for reargument). Plaintiffs purport to cross-appeal from stated portions of the order dated March 30, 1976. Cross appeal dismissed, without costs or disbursements. The cross appeal was not perfected in accordance with the rules of this court, as no appendix was furnished sufficient to determine the claims raised (see *Krauss v Putterman*, 51 AD2d 551). Order entered June 4, 1976 affirmed, without costs or disbursements. Order dated March 30, 1976 modified, by deleting the first and second decretal paragraphs thereof and substituting therefor a provision that the amended complaint be dismissed as against the defendant county. As so modified, order affirmed, without costs or disbursements. To the extent that the complaint asserts a plenary action for money damages against the County of Westchester for medical services and assistance (Medicaid), it constitutes an impermissible evasion of CPLR article 78 proceedings for review of the administrative determination denying Medicaid, which determination is itself not yet final. Plaintiffs' cross motion for a preliminary injunction requiring the defendant county to provide medical assistance pending the fair hearing to be held by the New York State Department of Social Services should have been denied. The granting of such motion constituted an impermissible prejudgment of eligibility. However, section 366 of the Social Services Law, and the regulations adopted pursuant thereto, to the extent that they fail to furnish medical providers an opportunity for a fair hearing (after county denial of eligibility), constitute a denial of due process and violate the Fourteenth Amendment to the United States Constitution and the corresponding provisions of the State Constitution (see *Matter of Peninsula Gen. Nursing Home [Sugarman]*, NYLJ, June 5, 1975, p 2, col 6; *Coral Gables Convalescent Home v Richardson*, 340 F Supp 646; *Ross v State of Wisconsin Dept. of Health & Social Servs.*, 369 F Supp 570; see, also, *Mount Sinai Hosp. v Kornegay*, 75 Misc 2d 302; *Knickerbocker Hosp. v Downing*, 65 Misc 2d 278). Therefore Special Term properly directed that plaintiffs be made parties to the fair hearing pending before the New York State Department of Social Services. Upon the argument of this appeal, the county agreed that the plaintiffs should be parties to the pending administrative proceeding. Hopkins, Acting P. J., Margett, Damiani, Shapiro and Titone, JJ., concur.