■　FRANK ANNUNZIATO et al., Respondents-Appellants, v ALFRED L. TRAURIG et al., Appellants-Respondents.—In an action to recover the down payment made on a contract for the sale of real property, defendants appeal from a judgment of the Supreme Court, Nassau County, entered August 20, 1976, which is in favor of plaintiffs and against them, upon an order of the same court, dated August 12, 1976, which, *inter alia,* granted plaintiffs summary judgment as to their first cause of action. Plaintiffs purport to cross-appeal from the said order and judgment insofar as they failed to grant them judgment as to their second and third causes of action. Cross appeal dismissed, without costs or disbursements (see *Howe Ave. Nursing Home v Nafus,* 54 AD2d 686, 687). Judgment affirmed, without costs or disbursements, on the opinion of Mr. Justice Pittoni at Special Term. Martuscello, J. P., Latham, Margett and O'Connor, JJ., concur.

■　NANCY ARMSTRONG, Appellant, v DON'S THRU-WAY DINER, INC., Respondent.—In a negligence action to recover damages for personal injuries, plaintiff appeals (1) from an order of the Supreme Court, Westchester County, entered February 3, 1977, which (a) denied her motion for a general preference, without prejudice to renewal of the application upon signed affidavits, and (b) granted defendant's cross motion to strike the statement of readiness and to direct her to appear for a pretrial examination and (2) as limited by her brief, from so much of a further order of the same court, entered March 23, 1977, as upon reargument, adhered to the original determination, without prejudice to its renewal upon completion of preliminary proceedings. Appeal from the order entered February 3, 1977 dismissed as academic. That order was superseded by the order made upon reargument. Order entered March 23, 1977 affirmed insofar as appealed from. Defendant-respondent is awarded one bill of $50 costs and disbursements to cover both appeals. Under the CPLR and rules of this court, the courts' inherent power to control their calendars, as well as the general direction that there shall be full disclosure of all material evidence, are both recognized and implemented. We find no abuse of the discretion in the order under review. Cohalan, J. P., Damiani, Rabin and Titone, JJ., concur.