In the Matter of MARY K. WOOD et al., Petitioners, v JOHN J. FAHEY, as Commissioner of the Department of Social Services of Albany County, et al., Respondents.

Third Department, April 13, 1978

## APPEARANCES OF COUNSEL

*Robert S. Bernard (Stanley D. Russell* of counsel), for petitioners.

*Philip R. Murray (Stanley G. Walker, Jr.,* of counsel), for John J. Fahey, respondent.

*Frank Tedeschi* for Richard J. Staszak, respondent.

*Louis J. Lefkowitz, Attorney-General (Alan W. Rubenstein* and *Jean M. Coon* of counsel), for Philip Toia, respondent.

## OPINION OF THE COURT

LARKIN, J.

This is a proceeding commenced by Ellis Hospital and Mary K. Wood, as copetitioners, to review the denial of medical assistance to Mrs. Wood. Ellis Hospital seeks judgment in the sum of $58,289.72 for the cost of hospitalizing Mrs. Wood from October 29, 1975 to June 10. 1977, said sum apparently representing the established rate for payment for medically indigent patients. Additional hospital costs incurred subsequent to June 10, 1977 are also sought.

Mrs. Wood, born in 1892, was admitted to Ellis Hospital on January 20, 1975 from her Schenectady home. Upon her discharge on February 10, 1975 she went to her daughter's home in Guilderland. On April 4, 1975 she transferred her Schenectady home to her daughter and son-in-law and to her grandson and his wife, who lived in the upstairs apartment. In order to allow the grandson and his wife to obtain a mortgage on the Schenectady house for needed repairs, on June 16, 1975 an agreement was entered into whereby, among other things,

Mrs. Wood relinquished the life estate she had retained in the Schenectady property in exchange for a life estate in property owned by her daughter and son-in-law in Guilderland, Albany County.

On June 25, 1975, Mrs. Wood applied to Albany County for medical assistance. Her application was denied on July 22, 1975 on the ground of a transfer of property to qualify for assistance. After a fair hearing, this initial determination was affirmed on October 24, 1975. On October 29, 1975 Mrs. Wood was readmitted to Ellis Hospital where she remained at the time this proceeding was instituted. Except for a period of hospitalization from July 14 through July 29, Mrs. Wood resided continuously in her daughter's Guilderland home from February 10, 1975 until October 29, 1975.

On May 25, 1976 Mrs. Wood reapplied to Albany County for medical assistance. This application was denied on June 25, 1976 and again on January 31, 1977 following reconsideration on the ground that her circumstances had not changed since the previous denial on July 22, 1975. On March 24, 1977 an application to Schenectady County was denied on the ground that Mrs. Wood was a resident of Albany County. After a fair hearing the Commissioner of the New York State Department of Social Services rendered a decision, dated May 18, 1977, affirming the denial of assistance by both Albany and Schenectady Counties. The commissioner held: "Appellant's circumstances which were the basis for the original Albany County determination and fair hearing decision have not changed. Therefore, the determination of the agency was proper. Since appellant was a resident of Albany County and continues that residence to the present time, the Schenectady County Department determination also was proper." This proceeding ensued.

■ We find that the determination of the respondent New York State Commissioner of Social Services that when Mrs. Wood entered Ellis Hospital on October 25, 1975 she was a resident of Albany County for the purpose of qualifying for medical assistance is supported by substantial evidence (*Andrews v Lavine*, 46 AD2d 834). By at least the time of the agreement of June 16, 1975 it is apparent that Mrs. Wood had moved in with her daughter in Guilderland to stay.

The petitioners contend that the determination that Mrs. Wood made a disqualifying transfer of property was improper because the property in question was an exempt homestead. Former section 366 (subd 1, par [e]) of the Social Services Law

(amd by L 1977, ch 755, § 1, eff Aug. 5, 1977), applicable to this proceeding, provided as follows: "1. Medical assistance shall be given under this title to a person who requires such assistance and who * * * (e) has not made a voluntary assignment or transfer of property for the purpose of qualifying for such assistance. A transfer of property made within one year of the date of application shall be presumed to have been made for the purpose of qualifying for such assistance." Section 366 (subd 2, par [a], cl [1]) of the Social Services Law, however, provides that "a homestead which is essential and appropriate to the needs of the household" shall be exempt and not taken into consideration nor required to be applied towards the payment of provided medical care and services. The October 24, 1975 decision denying Mrs. Wood benefits does not address the question of whether, because it was an exempt homestead, the transfer of her Schenectady property did not come within the provisions of section 366 (subd 1, par [e]) of the Social Services Law. Apparently, it was then the position of the respondents that it was irrelevant that the property transferred was a homestead.

In *Matter of Mondello v D'Elia* (39 NY2d 978, 980), the Court of Appeals, addressing this question held: "While the transferor still owns the property he is nevertheless not disqualified by that fact from receiving assistance. If the property is transferred (without consideration) the property ceases to be an exempt homestead. Thus it cannot be said that the property has been transferred 'for the purpose of qualifying for * * * assistance', a circumstance which renders one ineligible to receive assistance (Social Services Law, § 366, subd 1, par [e])." Contrary to respondents' arguments, the *Mondello* rule was applicable whether the transfer was made subsequent to the application for assistance or, as in the instant case, prior to the application *(Matter of McCoun v D'Elia,* 39 NY2d 981). The decision of the respondent State Commissioner rendered May 18, 1977, insofar as it upheld Albany County's denial of benefits on the ground that circumstances had not changed since the original October 24, 1975 decision, was in error. "The earlier decision may be a conclusive adjudication of the petitioner's rights, existing then; it cannot be an adjudication of rights thereafter conferred by law, or bar a new proceeding to vindicate new rights" *(Matter of Mullane v McKenzie,* 269 NY 369, 373; see, also, *United States v General Elec. Co.,* 358 F Supp 731). The decision ignored the "new rights" created by the *Mondello* case.

If this proceeding had been brought solely by Ellis Hospital, we would have dismissed. Ellis was not a party to the administrative proceedings nor was any administrative determination made as to its rights. As such, Ellis has no right to initiate this proceeding *(Matter of Clearview Gardens First Corp. v Foley,* 11 AD2d 1047).

■ The remaining question is whether, upon remand, Ellis is entitled to be a party to the administrative proceedings. We conclude that Ellis Hospital has no standing to be a party to proceedings under section 366 of the Social Services Law and the regulations adopted pursuant thereto essentially for the reasons stated in the dissenting opinion of Mr. Justice LANE in *Matter of Peninsula Gen. Nursing Home v Sugarman* (57 AD2d 268; contra *Howe Ave. Nursing Home v Nafus,* 54 AD2d 686, app dsmd 41 NY2d 901). A persuasive argument can be made on behalf of allowing a major provider, such as Ellis Hospital herein or the nursing homes in the *Peninsula* and *Howe* cases *(supra),* to intervene in such proceedings. If a major provider is allowed fair hearings and other procedural rights, however, there can be no justification for denying such rights to each medical provider, however small the claim may be and regardless of how numerous they may be. The potential for a bureaucratic nightmare is obvious. We do not believe that such result is either authorized by the Legislature or constitutionally mandated.

The determination should be modified by annulling so much thereof as denied petitioner's application to the Albany County Department of Social Services for medical assistance; matter remitted for further proceedings not inconsistent herewith, and, as so modified, confirmed, without costs.

KANE, J. P., STALEY, JR., MAIN and HERLIHY, JJ., concur.

Determination modified, by annulling so much thereof as denied petitioner's application to the Albany County Department of Social Services for medical assistance; matter remitted for further proceedings not inconsistent herewith, and, as so modified, confirmed, without costs.