Wachtler, J.
(dissenting). I would affirm. The legal principles and reasoning articulated by Mr. Justice Lupiano for the majority at the Appellate Division as well as those set forth in Howe Ave. Nursing Home v Nafus (54 AD2d 686 [2d Dept]) are fully supportive of the conclusion that petitioner is entitled to a fair hearing as a matter of due process.
When a facility has met its obligation by providing services to an indigent, the failure of the indigent to challenge the denial of eligibility should not deprive the facility of the opportunity to review that determination. It seems totally irrational to preclude the provider, the real party in interest, from obtaining a fair hearing on the issue of whether the patient who is receiving care is eligible for medical benefits.
To suggest, as our court now does, that the facility can *912 always resort to a plenary suit against the indigent patient seems an absurdity. As noted by the majority below this would be subversive of the legislative scheme set out in title 11 of the Social Welfare Law (L 1966, ch 256, eff April 30, 1966). The commencement of an action against an indigent patient determined ineligible, assuming this would have been reversed on a fair hearing, would require that patient — too impoverished to pay for medical assistance — to defend the lawsuit brought against him to recover the very charges he was too indigent to pay. The alternative available to the provider, of course, is to simply withdraw from participation in the medical assistance program by refusing services to indigent Medicaid applicants. This would be most unfortunate and destructive of the entire legislative purpose of the program.
Order reversed, etc.