■ LEO L. OXLEY, Appellant-Respondent, v ADELE W. OXLEY, Respondent, and JASPAN, KAPLAN & LEVIN, Appellant.—Appeals by the father (1) as limited by his brief, from so much of an order of the Supreme Court, Richmond County, dated February 16, 1978, as denied his application to enjoin the mother from removing the parties' infant children from the metropolitan New York City area, or to change custody, and (2) from a further order of the same court, dated May 12, 1978, which denied his application to hold the mother in contempt. The mother's former law firm purports to cross-appeal from so much of the order dated February 16, 1978, as limited its fee to $2,000. Cross appeal dismissed, without costs or disbursements (see *Howe Ave. Nursing Home v Nafus,* 54 AD2d 686). Order dated February 16, 1978 affirmed insofar as appealed from, and order dated May 12, 1978, affirmed, with one bill of costs to the mother payable by the father. No opinion. Hopkins, J. P., Damiani, O'Connor and Mangano, JJ., concur.

■ JAMES POSTELL, Respondent, v SAM ZIRULNIK et al., Appellants.—In an automobile negligence action, defendants appeal from so much of an order of the Supreme Court, Westchester County, entered April 18, 1978, as conditioned its grant of defendants' unopposed motion to dismiss the action for plaintiff's failure to timely serve a complaint, upon plaintiff's failure to serve a complaint within a stated time. Order reversed insofar as appealed from, on the law, with $50 costs and disbursements, and the motion is granted unconditionally. More than 73 months elapsed between the time of service of the notice of appearance and demand for the complaint and the making of the motion to dismiss. In the absence of opposition to the motion, an excuse for the delay and an affidavit of merits, the failure to dismiss the action unconditionally was an improvident exercise of discretion (see *Marks v Levine,* 45 AD2d 715). Hopkins, J. P., Lazer, Rabin and Gulotta, JJ., concur.

■ ELAINE ROSENTHAL, Respondent, v LOREN E. ROSENTHAL, Appellant. —In a proceeding for child support under a separation agreement, the appeal is from an order of the Family Court, Dutchess County, dated May 3, 1978, which (1) awarded petitioner $1,300 for the child's tuition, (2) awarded a counsel fee of $600 and (3) directed the appellant husband to continue to pay for the child's tuition. Order modified, on the law, by deleting therefrom the provision requiring the appellant to make future tuition payments. As so modified, order affirmed, with costs to the petitioner. Appellant's continuing obligation is subject to the conditions agreed upon by the parties. Damiani, J. P., Cohalan, Margett and Martuscello, JJ., concur.