■ D'ONOFRIO BROTHERS CONSTRUCTION CORP., Respondent-Appellant, v BOARD OF EDUCATION OF THE CITY OF NEW YORK (H. S. ART AND DESIGN AND P. S. 59), Appellant-Respondent.—In an action to recover the sum of $28,509 for extra work performed in connection with a construction contract, the parties cross-appeal from a judgment of the Supreme Court, Kings County, dated April 18, 1978, which, after a jury trial, awarded plaintiff the principal sum of $21,975. The plaintiff's cross appeal is dismissed, without costs or disbursements. It was not perfected in accordance with the rules of this court (see *Howe Ave. Nursing Home v Nafus,* 54 AD2d 686). On appeal by defendant, judgment affirmed insofar as appealed from, with costs. Plaintiff, based upon its having submitted the lowest bid, entered into a contract with defendant to replace quarry tile and do other repair work for a price of $43,340. When the work commenced a problem unanticipated by the parties arose when cement adhered to the tiles that were being removed. After the problem surfaced several inspectors and representatives of defendant's administrative business affairs bureau conferred with Jerry D'Onofrio, plaintiff's president. D'Onofrio submitted an estimate for the extra work to be done. He subsequently received a letter from Mr. Houston, the director of defendant's bureau of maintenance, which disputed the estimated cost of the extra work submitted, but directed that the work proceed under threat of penalty. After negotiations between D'Onofrio and several representatives of defendant's engineering staff from the bureau of maintenance, a change order was issued on defendant's printed form for $68,782.45 and was signed by defendant's area manager. The work required by this change order was performed in a satisfactory manner. Subsequently other problems arose with respect to unanticipated deficiencies in the grading of the structures involved and after defendant's representatives examined the site, a second form change order approving an additional $23,425 was issued, again signed by the area manager. This work was also performed in a satisfactory

manner. It is noted that D'Onofrio testified without contradiction that he had performed extra work for defendant on other occasions and that the matters had been negotiated in the same manner and the prices agreed upon had been paid. That did not happen this time. Defendant failed to pay plaintiff the full amount due under the change orders and this action was commenced to collect the deficiency. The jury returned with a verdict of $28,509, the full amount sought, but judgment was entered for $21,975 after the Trial Judge deducted $6,534 from the verdict as representing an unsupportable claim based on double billing. These appeals followed. Defendant seeks to avoid liability by relying on article 56 of the form contract which provides that the contract could not be changed in scope unless first approved by the executive director of the office of school buildings. This approval was concededly absent and defendant argues that plaintiff proceeded at its own risk when it satisfactorily completed the work required by the change orders. We find that defendant is estopped from asserting this claim, and the judgment is accordingly affirmed insofar as appealed from by defendant. Plaintiff proceeded, as it had in the past, under the belief that the extra work was authorized by the persons empowered to alter the scope of the contract. Change orders were issued on defendant's forms only after the sites had been thoroughly inspected and the prices negotiated by those representatives of defendant directly responsible for the project. Ample testimony in the record supports the fairness of the prices agreed upon. No allegations of collusion or bad faith are present. Defendant at all times had full notice of what was transpiring. This court is also mindful that construction work must often proceed without undue delays and that strict compliance with the formal contract procedures may sometimes not be practical. The parties evinced an intent to proceed in a manner other than that provided for by the contract and defendant is estopped from asserting the failure to strictly comply with the terms of the contract (see *Joseph F. Egan, Inc. v City of New York,* 17 NY2d 90; *Rinehart & Dennis Co. v City of New York,* 263 NY 120; *R & R Wrecking Co. v City of New York,* 53 AD2d 859; *Welsh v Gindele & Johnson,* 50 AD2d 971; *McKay Constr. Co. v Board of Educ.,* 33 AD2d 862). We have considered defendant's other contentions and find them to be without merit. We further note that were we not dismissing plaintiff's cross appeal we would still affirm the judgment on the merits. The undisputed testimony was that double billing had occurred and it was incumbent on plaintiff to refute this claim. This it failed to do. Hopkins, J. P., Titone, O'Connor and Margett, JJ., concur.