OPINION OF THE COURT

Per Curiam.

Order entered on January 11,1980 is reversed, with $10 costs; plaintiff’s motion for summary judgment is granted.
To obtain summary judgment, a plaintiff must establish that his cause of action warrants judgment in his favor as a matter of law (CPLR 3212, subd [b]) by submitting “evidentiary proof in admissible form”. The opponent must show facts sufficient to warrant a trial of some issue of fact in order to defeat the motion (CPLR 3212, subd [b]; Zuckerman v City of New York, 49 NY2d 557).
*68 The plaintiff submitted an affidavit by a corporate officer and documents purporting to establish a contract to repair, evidence of the repairs actually made and an interim letter to the defendant detailing the repairs effected and the accumulated charges.
The affirmation in opposition was submitted by the defendant’s attorney, the essence of which was a claim that the work done was required by the terms of the maintenance contract between the parties and did not fall under any “fire” exception contained in that contract, but was simply repair of equipment occasioned by ordinary wear and tear.
We find defendant estopped from denying its liability. An estoppel “ ‘rests upon the word or deed of one party upon which another rightfully relies and so relying changes his position to his injury’ [cases cited]. Indeed, ‘[a] party may not, even innocently, mislead an opponent and then claim the benefit of his deception’” (Triple Cities Constr. Co. v Maryland Cas. Co., 4 NY2d 443, 448; Lenox Hill Hosp. v Firkal, 74 Misc 2d 577, 579; LeBovici v Jamaica Sav. Bank, NYLJ, April 22, 1980, p 12, col 2). The “paper” signed on February 15, 1973 by the two parties to this lawsuit was signed for the defendant by its president. It purports to be a contract although headed “Service Order”. It speaks of a duty to pay for the work done at “regular billing prices” and the parties note that the elevator was “destroyed by fire”. The defendant president knew of the maintenance contract under which the defendant paid $45 per month. If he then knew or believed that this work was to be done in accordance with that contract, that tfyere was no fire, that only wear and tear was involved, he should have objected to paying more than the $45 per month service charge for the work. Certainly when presented on April 20,1973 with the itemized list of work done and charges incurred, defendant’s president should have protested. Not once, however, did he object to the charges. While there was a duty and an opportunity for defendant’s president to disclaim liability, he never did so. He should thus be “deemed to have acquiesced and will not later be heard to complain” (21 NY Jur, Estoppel, § 35).
*69 Certainly the plaintiff has shown that it acted on that purported contract and supplied men and material, with no reimbursement. “Estoppel is frequently [predicated] upon the acceptance and retention by one having knowledge or notice of the facts of benefits from a transaction, contract * * * which he might have rejected or contested. Where a party has executed a contract with full knowledge of its provisions and has accepted its benefits, * * * he is not to be permitted subsequently to avoid its terms or question its validity.” (21 NY Jur, Estoppel, § 41.) The defendant here “had full notice of what was transpiring” (D’Onofrio Bros. Constr. Corp. v Board of Educ., 72 AD2d 760, 761).
Furthermore, the defendant should not be allowed to defeat summary judgment by offering paroi evidence “to contradict, vary, add to, or subtract from * * * [any] writing” when parties have reduced their agreement to writing. The rule operates to exclude evidence “of any prior oral or written agreement” (Richardson, Evidence [10th ed], § 601, p 598). There are two exceptions to the rule; one is where the writing is not really a contract (Richardson, Evidence [10th ed], §§ 606, 607, pp 602, 603). While that allegation is made in the defendant’s attorney’s affirmation, it only serves to point up the weakness of that submission. As noted in Zuckerman v City of New York (49 NY2d 557, 563, supra) “Such an affirmation by counsel is without evidentiary value and thus unavailing”. The existence of a factual issue must be shown to defeat a motion for summary judgment; “the submission of a hearsay affirmation by counsel alone does not satisfy this requirement” (supra, p 560). The attorney here further alleges that there never was a fire, that no fire was reported to any authorities. Of course, there can be a fire without any need to seek out self-help. Again, the attorney’s affirmation is not proof of that point, “unless he happens to have firsthand knowledge — which is the exception rather than the rule” (Siegel, New York Practice, § 281, p 337).
A second exception to the paroi evidence rule is that a party may by paroi evidence establish a condition precedent to the legal effectiveness of a written contract. Here it is alleged that the writing could only be valid if an actual fire is proven. But if the condition precedent that is al *70 leged, viz., the existence of an actual fire, would contradict the terms of the written agreement, such proof is barred (Richardson, Evidence [10th ed], § 613, p 608). In the case at bar the contract under consideration reads: “Furnish necessary labor and material to repair elevator which was destroyed by fire”. Defendant does not allege that the objection sued upon arose as a result of fraud, mistake, duress or undue influence (Richardson, Evidence [10th ed], § 609, p 604). Under all of these circumstances the plaintiff is entitled to summary judgment.