OPINION OF THE COURT
Vincent G. Bradley, J.
The plaintiff moves for summary judgment pursuant to CPLR 3212 upon the cause of action set forth in the complaint and defendant Kurtter cross-moves for summary judgment dismissing the complaint. This is an action to recover upon a contract for electrical work performed upon certain real property and to enforce a mechanic’s lien filed thereon in the Rensselaer County Clerk’s office. It appears all other defendants are in default and defendant Kurtter has acquired any interest they may have had in the real property in question.
There is one fact that is clearly a cause for concern to both parties of this motion. There is no question that two statutory notices of a mechanic’s lien were filed with the Rensselaer County Clerk and in both cases the plaintiff’s president signed both the petition and the verification. However, although the notary’s jurat is dated the same date of the petition, it is unsigned. Defendant Kurtter says this lack of a signature by a notary renders both notices of mechanic’s lien invalid and as a result said defendant asserts that the plaintiff has failed to obtain a lien on the premises in question. The plaintiff asserts that the case law relied upon by defendant Kurtter was upon authority in place prior to the amendment to section 23 of the New *471 York Lien Law which provided for the liberal construction of that law to secure the beneficial interests consistent with its purposes. Moreover, the plaintiff asserts that the court has the power to amend these notices of liens to provide for the signature of the notary pursuant to section 12-a of the Lien Law.
The facts concerning the notices of mechanic’s lien herein appear to be a case of first impression in this State. The plaintiff relies heavily on Teitler v McDermott & McDonald (282 App Div 953, affd 306 NY 953) and on Matter of Wilaka Constr. Co. (166 Misc 185). In Teitler, the lienor executed the petition but neglected to execute the verification, although the latter was duly notarized. None of the cases relied upon by the defendant have been construed in light of Teitler, and the court must determine whether under the existing case law and the facts of this case that the lack of a jurat makes the verification defective or makes it a nullity ab initio.
It appears that as a general maxim, the omission of a jurat may be supplied by amendment so long as it appears from either internal or external evidence that the statement was in fact sworn to before a notary or other authorized officer (see, generally, 1 NY Jur 2d, Acknowledgements, Affidavits, Oaths, Notaries, and Commissioners, § 59). It also appears that statutorily required verifications are held to more stringent standards than might otherwise be called upon (see, e.g., Rockwell v City of Syracuse, 257 App Div 92, affd 282 NY 17). In the case at bar, the jurat is merely dated and no notary’s name is typed in below. Indeed, there is no allegation that the verification was sworn before a duly authorized officer and/or that said officer inadvertently omitted to perform his duty and execute the jurat. Accordingly, the court is constrained to find that the lien must fail for failure to comply with the requirements of subdivision 7 of section 9 of the Lien Law.
However, the court will not grant summary judgment in favor of the defendant Kurtter upon the grounds that the submissions herein at least continue to raise issues of fact as to whether or not the said defendant is estopped from denying the existence of a valid lien under the doctrine of estoppel in pais (see Triple Cities Constr. Co. v Maryland *472 Cas. Co., 4 NY2d 443; Debes v Monroe County Water Auth., 16 AD2d 381; D’Onofrio Bros. Constr. Corp. v Board of Educ., 72 AD2d 760, 761; Otis Elevator Co. v Heggie Realty Co., 107 Misc 2d 67, 69).
In accordance with the court’s findings above, the plaintiff’s motion for summary judgment is denied and the defendant Kurtter’s cross motion for summary judgment is denied.