BRIDGE HARDWARE Co., Plaintiff, *v.* DISOSWAY & FISHER, INC., Defendant.

Supreme Court, Special Term, New York County, December 28, 1950.

**260**

*Herbert J. Miller* for plaintiff.

*Andrew D. Weinberger* and *Harold Weiss* for defendant.

HECHT, J. Plaintiff moves for partial summary judgment on the second and third causes and for an order striking out the affirmative defenses in the answer. The second and third causes of action are predicated on an account stated. The affidavit submitted by the defendant clearly shows that objection to the basis of the account had been made on several occasions. It was not incumbent on the defendant to continue making such objection each month that an account was sent to it in order to avoid liability in an action for an account stated. Accordingly this branch of the motion is denied.

The first cause of action is in ejectment. Plaintiff is the owner of a building and entered into an agreement with defendant whereby it " let " to defendant the privilege to maintain an advertising sign on the roof of the building at an annual rental of $420 a year. The parties are referred to as " landlord " and " tenant ", and the agreement as a " lease ". The sign structure and material were at all times to remain the personal property of the defendant.

The first affirmative defense alleges that defendant is in possession of the premises under a lease. The second affirmative

defense alleges that summary proceedings were instituted in the Municipal Court by the plaintiff as landlord against the defendant as tenant alleging a landlord-tenant relationship and seeking to recover possession of the roof for the landlord's own use. These proceedings were dismissed after trial without opinion, and therefore defendant claims that plaintiff is estopped from prosecuting this action.

When a summary proceeding results in a final order in favor of the landlord it is *res judicata* as to the existence and validity of a lease (*Reich* v. *Cochran,* 151 N. Y. 122). The reverse, however, is not true. That is, a final order in favor of the tenant does not find the existence of a landlord-tenant relationship. It is not an issue necessarily resolved to sustain the final order. Nor is the mere allegation in the petition of the existence of such a relationship a bar to an action in ejectment. The allegation depends for its basis on the agreement between the parties and the effect of that agreement is for the court to determine. The characterization placed upon the agreement by the parties is of no effect in the circumstances. Finally, a final order in summary proceedings is not a bar to an action in ejectment (Civ. Prac. Act, § 1445). Consequently, the second affirmative defense is stricken as insufficient.

The first affirmative defense merely states that defendant is in possession under a lease. That allegation by itself does not create a defense to the action. I presume that what defendant is trying to set up is the protection of the emergency rent laws as it affects commercial space (L. 1945, ch. 3, as amd.), and I will so construe the defense. The use of the words "let ", " lease " or " landlord " does not create a landlord-tenant relationship. It has uniformly been held that a right given by an owner of a building to another to erect billboards on the roof is a license and not a lease (1 McAdam on Landlord and Tenant [5th ed.], § 64, p. 233). But a licensee may be protected by the emergency rent laws (*Shepard Warehouses* v. *Sherman,* 63 N. Y. S. 2d 421). In fact a tenant is defined as a " licensee " in subdivision (i) of section 2. The license, however, must go to the use and occupancy of commercial space, and commercial space is defined as space used for commercial purposes. (Commercial Rent Law, § 2, subd. [a].) Commercial purposes is defined in subdivision (b) of section 2 as " the manufacture, sale, resale, processing, reprocessing, displaying, storing, handling, garaging or distribution of personal property." Defendant's use of the roof does not come within any of the above. Consequently the first affirmative defense must be stricken.