■ ELAINA BISSELL, Appellant, v PYRAMID COMPANIES, Respondent. In the Matter of PYRAMID COMPANY OF GLENS FALLS, Respondent, v ELAINA BISSELL, Appellant.—Levine, J. Appeals (1) from an order of the Supreme Court at Special Term (Dier, J.), entered October 22, 1985 in Warren County, which denied plaintiff's motion for a preliminary injunction, and (2) from an order of said court, entered October 22, 1985 in Warren County, which granted petitioner's application, in a proceeding pursuant to RPAPL article 7, to recover possession of premises occupied by respondent.

Plaintiff/respondent Elaina Bissell (Bissell), entered into a lease with defendant/petitioner Pyramid Company of Glens Falls (Pyramid) in 1977, whereby she was to rent space in Pyramid's shopping mall for the operation of a beauty salon. The lease provided that Bissell was to remit $65 per month as an additional rental charge for utility services and that the amount of the charge was subject to periodic change in the event of increased energy costs. In January 1981, Bissell's utility assessment was adjusted upward to $70 per month to reflect increased energy expenses realized by Pyramid as of December 1980. In February 1984, Pyramid notified Bissell that it had miscalculated the 1981 adjustment and assessed her an additional $3,727.63 due for the period from January 1981 to February 1984. Bissell objected to the amount of the assessment and the imposition of a three-year, retroactive balloon payment, and refused to pay it.

The parties were unable to resolve the dispute and on April 4, 1985, Pyramid notified Bissell that her failure to make immediate payment of the full amount of the assessment would result in a termination of the lease. Upon her failure to remit payment, a notice of termination was served on April 18, 1985 and Bissell was ordered to quit the premises. Bissell then served Pyramid with a summons and notice seeking declaratory relief and brought on a motion for a preliminary injunction enjoining Pyramid from interfering in any way with her business or from terminating the lease. Pyramid appeared in the action and demanded a complaint, which was never served, and then commenced a summary eviction proceeding pursuant to RPAPL article 7 to regain possession of the premises and recover the unpaid utility charges. After hearing oral argument on Bissell's motion and Pyramid's petition, Special Term denied Bissell's request for injunctive relief, granted Pyramid's petition for possession of the premises, but denied the latter's request for monetary damages without prejudice to the commencement of a separate action therefor. This appeal by Bissell ensued.

Regarding Bissell's contention that Special Term abused its discretion in denying her request for injunctive relief, we are persuaded by Pyramid's argument that the appeal from that order is moot. Bissell did not avail herself of the RPAPL 751 procedure for a stay of the order awarding possession of the leased premises to Pyramid, but rather, vacated her shop in the mall in October 1985. Thus, a determination of the propriety of Special Term's denial of Bissell's application will not directly affect the rights or interests of either party (see, Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714). In short, judicial review of the denial of the preliminary injunction would serve only academic purposes and is inappropriate (see, Matter of General Bldg. Contrs. v Egan, 106 AD2d 688, 690, lv denied 65 NY2d 601).

We are not persuaded by Bissell's claim that Special Term erred in granting Pyramid's petition for possession of the leased premises. Special Term correctly rejected Bissell's argument that Pyramid was not entitled to increase her utility charge over the term of the lease. The lease clearly provided that such adjustments could be made. Contrary to Bissell's argument on appeal, the record does not set forth a factual basis for the equitable defense of laches. Although there was a delay on Pyramid's part in assessing the increased utility charge, Bissell did not establish either prejudice or detrimental reliance resulting from the lapse of time (see, Orange &

*Rockland Utils. v Philwood Estates,* 70 AD2d 338, 343, *mod* 52 NY2d 253; *Glenesk v Guidance Realty Corp.,* 36 AD2d 852, 854; *269 Assoc. v Yerkes,* 113 Misc 2d 450, 455-456). Likewise, Bissell's failure to place this defense on the record, either by interposing a formal answer to Pyramid's petition as demanded therein *(see,* RPAPL 743), by having any oral answer made indorsed on the petition (RPAPL 743), or by requesting that a transcript be made of oral argument before Special Term, precludes appellate review *(see, Fehlhaber Corp. v State of New York,* 65 AD2d 119, 131, *lv denied* 48 NY2d 604; 4 NY Jur 2d, Appellate Review, § 321, at 410-411).

Appeal from order denying plaintiff's motion dismissed, as moot, with costs.

Order granting petitioner's application affirmed, with costs. Kane, J. P., Main, Casey, Yesawich, Jr., and Levine, JJ., concur.