■ ZITOMER PHARMACY, INC., Respondent, v MACFARLANE 64TH STREET DEVELOPMENT CORP. et al., Defendants, and BLENHEIM TRADING CORP., Appellant. BLENHEIM TRADING CORP., Appellant, v ZITOMER PHARMACY, INC., Respondent. [595 NYS2d 403] —Order, Supreme Court, Appellate Term, First Department, entered February 14, 1992, which affirmed an order of the Civil Court, New York County (Milton Richardson, J.), entered November 26, 1990, granting respondent tenant's motion for summary judgment dismissing petitioner landlord's holdover proceeding based on termination of the parties' lease for nonpayment of rent; order, Supreme Court, New York County (Karla Moskowitz, J.), entered July 3, 1989, which, insofar as is appealed from, denied defendant landlord's motion for summary judgment dismissing plaintiff tenant's third and fourth causes of action; and order, same court and Justice, entered June 14, 1990, which, insofar as is appealed from, denied defendant landlord's motion for damages against plaintiff tenant pursuant to CPLR 6312 or sanctions pursuant to 22 NYCRR part 130, and granted plaintiff's cross motion for an order directing the Commissioner of Finance to return plaintiff's undertaking in the amount of $150,000, unanimously affirmed, without costs. Appeal from the order of the same court and Justice, entered January 19, 1990, which, insofar as is appealed from, granted plaintiff tenant's motion to amend its complaint nunc pro tunc, amended an earlier decision and temporary restraining order nunc pro tunc, and amended the order entered on or about July 31, 1989 nunc pro tunc to provide that defendant landlord was enjoined from maintaining a summary holdover proceeding as of April 1989, and otherwise ratified that order, unanimously dismissed as moot.

All issues pertaining to *Yellowstone* relief *(First Natl. Stores v Yellowstone Shopping Ctr.,* 21 NY2d 630) are moot by reason of the order vacating all injunctive relief on the landlord's motion. Judicial review of the grant of injunctive relief would be academic and therefore inappropriate *(see, Bissell v Pyramid Cos.,* 125 AD2d 876, 877, *lv dismissed and lv denied* 69 NY2d 1015). Were we to consider the arguments concerning *Yellowstone* relief, we would conclude that they are without merit.

Once the landlord obtained a final judgment for unpaid rent in the nonpayment proceeding, it was conclusively determined that a valid lease existed between the parties *(see, Bridge Hardware Co. v Disosway & Fisher,* 199 Misc 259, 261, *affd* 278 App Div 812). Accordingly, dismissal of the holdover proceeding was proper.

We have considered the landlord's remaining arguments and find them to be without merit. Concur—Rosenberger, J. P., Ellerin, Ross, Asch and Kassal, JJ.