■ JAMES McDERMOTT et al., Plaintiffs, v PRESBYTERIAN CONGREGATION OF BETHLEHEM, Also Known as BETHLEHEM PRESBYTERIAN CHURCH, Defendant and Third-Party Plaintiff-Respondent. DONALD SATTERLY, INC., Third-Party Defendant-Appellant. [712 NYS2d 571] —In an action to recover damages for personal injuries, etc., the third-party defendant appeals from (1) an order of the Supreme Court, Orange County (Peter C. Patsalos, J.), dated March 16, 1999, which granted the motion of the defendant third-party plaintiff for partial summary judgment on the issue of liability on the third-party complaint, and denied its cross motion for leave to amend its third-party answer to assert the affirmative defense of Workers' Compensation Law § 11, and to dismiss the third-party complaint, and (2) an order of the same court, dated July 9, 1999. The appeal from the order dated July 9, 1999, brings up for review an order of the same court dated September 17, 1999, which, upon the granting of resettlement of the order dated July 9, 1999, resettled the order dated July 9, 1999, to provide, *inter alia,* that the branch of the appellant's motion which was for leave to amend the third-party answer to assert the affirmative defense of Workers' Compensation Law § 11 was denied as academic (*see,* CPLR 5517 [a], [b]).

Ordered that the order dated March 16, 1999, is modified, on the law, by deleting the provision thereof granting the motion for partial summary judgment and substituting therefor a provision denying that motion; as so modified, the order dated March 16, 1999, is affirmed; and it is further,

Ordered that the appeal from the order dated July 9, 1999,

is dismissed, as that order was superseded by the resettled order dated September 17, 1999; and it is further,

Ordered that the resettled order dated September 17, 1999, is modified by deleting therefrom the provision which, upon resettlement, denied as academic that branch of the motion of the third-party defendant which was for leave to amend the third-party answer and substituting therefor a provision granting that branch of the motion; as so modified, the resettled order dated September 17, 1999, is affirmed insofar as reviewed; and it is further,

Ordered that the appellant is awarded one bill of costs.

On September 8, 1995, the plaintiff James McDermott was allegedly injured when he fell from a scaffold while repairing the roof of the church building owned by the defendant third-party plaintiff, Presbyterian Congregation of Bethlehem, a/k/a Bethlehem Presbyterian Church (hereinafter the Church). At the time of the accident, McDermott was employed by the appellant, Donald Satterly, Inc. The plaintiffs commenced the instant action against the Church on August 8, 1997, and the Church brought a third-party action against the appellant for contribution and indemnification.

Thereafter, the Church moved for partial summary judgment on the issue of liability. The appellant cross-moved for summary judgment dismissing the third-party complaint pursuant to Workers' Compensation Law § 11, as amended (L 1996, ch 635, ch § 2, eff Sept. 10, 1996), which eliminates, except in cases of "grave injury", an employer's liability for contribution or indemnity to any third person, on the ground that McDermott did not suffer a "grave injury".

By order dated March 16, 1999, the Supreme Court, *inter alia*, denied the appellant's cross motion on the ground that the appellant failed to plead as an affirmative defense Workers' Compensation Law § 11, as amended, and on the basis of this Court's decision in *Zurheide v S-C Assocs.* (248 AD2d 380) which held that the statutory defense was not available because the underlying injury occurred before the effective date of the amendment.

Thereafter, the appellant moved for reargument and for leave to amend its third-party answer to assert the statutory defense. By order dated July 9, 1999, the Supreme Court denied reargument without addressing that branch of the appellant's motion which was for leave to amend. As a result, the July 9, 1999, order was resettled by order dated September 17, 1999, whereby the Supreme Court again denied the motion for reargument, and denied the motion for leave to amend as academic.

The Supreme Court erred in finding that Workers' Compensation Law § 11 was not available to the appellant because the underlying injury occurred before the effective date of the amendment. It is now settled that Workers' Compensation Law § 11, as amended, is to be applied prospectively, and that the determinative date for the prospective application is the date when the main action is commenced (see, *Majewski v Broadalbin-Perth Cent. School Dist.,* 91 NY2d 577). Since the main action here was commenced well after the effective date of the amendment to Workers' Compensation Law § 11, the defense was available to the appellant.

The Supreme Court should have granted the appellant's motion for leave to amend its third-party answer to assert the statutory defense. It is well settled that leave to amend a pleading should be freely given absent a showing of prejudice or surprise to the non-moving party, or that the amendment plainly lacks merit (see, *Bomar v Lane,* 265 AD2d 519). The statutory defense has merit, and we find no prejudice or surprise to the third-party plaintiff. The appellant may again move to dismiss the third-party complaint based on the Workers' Compensation Law § 11 defense. Ritter, J. P., Sullivan, S. Miller, Luciano and H. Miller, JJ., concur.