JOANNE DUBAR, Respondent, v WILMORITE, INC., Defendant, and CAMILLUS MALL, Appellant. [748 NYS2d 82] —Appeal from those parts of an order of Supreme Court, Onondaga County (Major, J.), entered June 5, 2001, that denied in part defendants' motion for summary judgment and granted plaintiff's cross motion for leave to amend the summons and complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed with costs.

Memorandum: Supreme Court properly denied that part of the motion of defendants for summary judgment dismissing the complaint against defendant Camillus Mall and granted the cross motion of plaintiff for leave to amend the summons and complaint by naming Camillus Mall Associates, LP, rather than "Camillus Mall," as a defendant. Such amendment gener-

ally is properly allowed when the correct defendant, who was misnamed in the original complaint, has been properly served and is not prejudiced by the amendment (*see Ober v Rye Town Hilton,* 159 AD2d 16, 19-20). The contention that "Camillus Mall" is merely a generic name with no legal meaning is without merit. "Given the indisputable fact that an attorney cannot represent a thing which does not exist, it must be inferred that the attorneys who served an answer on behalf of [the Camillus Mall] did so in the course of their representation of some other party" (*id.* at 20). There has been no prejudice to the correct defendant because "Camillus Mall" has participated in this lawsuit from the outset (*id.*). Here, as in *Ober,* "the entity originally named by the plaintiff * * * concededly did not exist at all. Under these circumstances, there is little doubt that an amendment [was properly] permitted" (*id.* at 20-21). Present—Pigott, Jr., P.J., Green, Hayes, Kehoe and Gorski, JJ.