■ DERRICK RODNEY, Appellant, v MAKSIM SOLNTSEU et al., Respondents. [754 NYS2d 911] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Bucaria, J.), dated November 13, 2001, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that he did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

The defendants submitted the sworn medical reports of their medical experts which established, prima facie, that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345; *McCauley v Ross*, 298 AD2d 506). In opposition, the plaintiff failed to raise a triable issue of fact as to whether he sustained such an injury, since he failed to submit competent medical evidence in admissible form (*see Grasso v Angerami*, 79 NY2d 813; *Fisher v Williams*, 289 AD2d 288; *Slavin v Associates Leasing*, 273 AD2d 372; *Young v Ryan*, 265 AD2d 547).

The plaintiff also failed to demonstrate that he was prevented from performing substantially all of the material acts which constituted his usual and customary daily activities for a period of not less than 90 days during the 180-day period immediately following the accident (*see Licari v Elliott*, 57 NY2d 230; *Greene v Miranda*, 272 AD2d 441; *Buonaiuto v Shulberg*, 254 AD2d 384; *Ciaccio v J & R Home Improvements*, 149 AD2d 558). In the absence of admissible objective evidence of injury, the plaintiff's self-serving affidavit was insufficient to raise a triable issue of fact (*see Paulino v Xiaoyu Dai*, 279 AD2d 619). Altman, J.P., Smith, Luciano, Adams and Cozier, JJ., concur.