■ KAREN KAUDERER, Respondent, v NEW YORK CITY TRANSIT AUTHORITY et al., Appellants. [760 NYS2d 677] —In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Richmond County (Minardo, J.), dated November 26, 2002, which denied their motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

In support of their motion for summary judgment, the defendants submitted the affirmed medical reports of their examining physicians which demonstrated that the plaintiff's injuries were not serious within the meaning of Insurance Law § 5102 (d) (*see Licari v Elliott,* 57 NY2d 230, 236 [1982]; *Partlow v Meehan,* 155 AD2d 647 [1989]). The opinions of the plaintiff's experts submitted in opposition to the motion were unsupported by any objective medical evidence, and, thus, were insufficient to raise a triable issue of fact (*see Toure v Avis Rent A Car Sys.,* 98 NY2d 345 [2002]; *Nager v Ghatan,* 303 AD2d 727 [2003]; *Scudera v Mahbubur,* 299 AD2d 535 [2002]).

Furthermore, the plaintiff failed to offer any evidence regarding the nature of her treatment or any explanation for the significant gap in treatment (*see Francis v Christopher,* 302 AD2d 425 [2003]; *Ginty v MacNamara,* 300 AD2d 624 [2002]; *Delpilar v Browne,* 282 AD2d 647 [2001]; *Pierre v Nanton,* 279 AD2d 621 [2001]).

Moreover, the plaintiff failed to demonstrate that she sustained a medically-determined injury or impairment of a non-permanent nature as a result of the accident which prevented her from performing all of the material acts which constituted her usual and customary daily activities for a period of not less than 90 days during the 180-day period immediately following the accident (*see* Insurance Law § 5102 [d]; *Gaddy v Eyler,* 79 NY2d 955 [1992]; *Licari v Elliott, supra*; *Rodney v Solntseu,* 302 AD2d 442 [2003]; *Crespo v Kramer,* 295 AD2d 467 [2002]; *Ocasio v Henry,* 276 AD2d 611 [2000]; *Greene v Miranda,* 272 AD2d 441, 442 [2000]). Ritter, J.P., Feuerstein, McGinity, Townes and Cozier, JJ., concur.