■ ORLANDO MENDOZA, Appellant, v MATTHEW WHITMIRE, Respondent. [775 NYS2d 171]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Barasch, J.), dated May 8, 2003, which granted the defendant's motion for summary judgment dismissing the complaint on the ground that he did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

The defendant made a prima facie showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject motor vehicle accident (*see Toure v Avis Rent A Car Sys.,* 98 NY2d 345 [2002]; *Gaddy v Eyler,* 79 NY2d 955 [1992]). A report of the plaintiff's treating physician in opposition to the motion was unaffirmed and therefore without probative value (*see Grasso v Angerami,* 79 NY2d 813, 814 [1991]; *Friedman v U-Haul Truck Rental,* 216 AD2d 266, 267 [1995]; *Pagano v Kingsbury,* 182 AD2d 268, 270 [1992]). The plaintiff's other expert failed to offer a satisfactory explanation for the two-year gap between the accident and the date of his examination (*see Jimenez v Kambli,* 272 AD2d 581, 582 [2000]; *Smith v Askew,* 264 AD2d 834 [1999]).

Moreover, the plaintiff failed to submit any competent medical evidence supporting his claim that he was unable to perform substantially all of his daily activities for not less than 90 of the first 180 days following the subject accident as a result of the accident (*see Sainte-Aime v Ho,* 274 AD2d 569, 570 [2000]; *Jackson v New York City Tr. Auth.,* 273 AD2d 200, 201 [2000]; *Greene v Miranda,* 272 AD2d 441, 442 [2000]; *Arshad v Gomer,* 268 AD2d 450 [2000]; *Bennett v Reed,* 263 AD2d 800, 801 [1999]; *DiNunzio v County of Suffolk,* 256 AD2d 498, 499 [1998]).

Accordingly, the defendant was properly granted summary

judgment dismissing the complaint. Ritter, J.P., S. Miller, Townes, Crane and Rivera, JJ., concur.