■ CHRISTO CONSTANTINOU, Appellant, v PAUL SURINDER et al., Respondents. [777 NYS2d 708]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Golar, J.), dated May 29, 2003, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that he did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

The defendants made a prima facie showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject motor vehicle accident, through the affirmations of an orthopedist, neurologist, and radiologist (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955 [1992]). The affirmation of the plaintiff's physician submitted in opposition to the defendants' motion was insufficient to raise a triable issue of fact. The plaintiff's physician failed to set forth the tests that she used, and their results, to support her conclusion that the plaintiff sustained a "meaningful" impairment (see Kauderer v Penta, 261 AD2d 365 [1999]). In addition, her findings were not based upon a recent examination of the plaintiff (see Kauderer v Penta, supra), and no satisfactory explanation was offered for the nearly 2½-year gap between the last examination and treatment and the date of the motion for summary judgment (see Smith v Askew, 264 AD2d 834 [1999]).

Moreover, the plaintiff failed to submit any competent medical evidence to support a claim that he was unable to perform substantially all of his daily activities for not less than 90 of the first 180 days as a result of the subject accident (see Sainte-Aime v Ho, 274 AD2d 569 [2000]; Jackson v New York City Tr. Auth., 273 AD2d 200 [2000]; Greene v Miranda, 272 AD2d 441 [2000]; Arshad v Gomer, 268 AD2d 450 [2000]; Bennett v Reed, 263 AD2d 800 [1999]; DiNunzio v County of Suffolk, 256 AD2d 498, 499 [1998]).

Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint. Altman, J.P., Krausman, Goldstein and Mastro, JJ., concur.