■ CONSOLIDATED PAYROLL SERVICES, INC., Appellant, v IRVING BERK, Respondent. [794 NYS2d 410]—In an action for a judgment declaring the parties' rights and obligations under a commercial lease, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Jackson, J.), dated August 25, 2003, as denied its motion for a *Yellowstone* injunction (*see First Natl. Stores v Yellowstone Shopping Ctr.,* 21 NY2d 630 [1968]), extending its time to cure an alleged defect and for leave to serve an amended complaint. Justice Lifson has been substituted for the late Justice Altman (*see* 22 NYCRR 670.1 [c]).

Ordered that the appeal from so much of the order as denied that branch of the motion which was for a *Yellowstone* injunction is dismissed as academic, without costs or disbursement; and it is further,

Ordered that the order is reversed insofar as reviewed, that branch of the motion which was for leave to serve an amended complaint is granted, without costs or disbursements, and the amended complaint attached to the motion papers is deemed served.

The Supreme Court should have granted the unopposed branch of the plaintiff's motion which was for leave to serve an amended complaint. Leave to amend a pleading is to be freely given where, as here, there is no showing of prejudice or surprise to the nonmoving party, and no showing that the proposed amendment is "palpably insufficient as a matter of law" or "totally devoid of merit" (*Ogilvie v McDonald's Corp.,* 294 AD2d 550, 551 [2002]; *see* CPLR 3025 [b]; *McDermott v Presbyterian Congregation of Bethlehem,* 275 AD2d 305, 307 [2000]).

The plaintiff's public policy argument regarding the enforceability of a *Yellowstone* waiver (*see First Natl. Stores v Yellowstone Shopping Ctr.,* 21 NY2d 630 [1968]), raised for the first time on appeal, is not preserved for appellate review (*see Matter of Bart v Miller,* 302 AD2d 379 [2003]; *Matter of Liberty Mut. Ins. Co. v Mancuso,* 202 AD2d 428 [1994]). In any event, the plaintiff's failure to post an undertaking as directed by this Court resulted in the vacatur of a stay pending the hearing and

determination of the appeal. As such, all issues pertaining to injunctive relief are now academic (*see Zitomer Pharm. v Mac-Farlane 64th St. Dev. Corp.,* 191 AD2d 333 [1993]). Krausman, J.P., Smith, Skelos and Lifson, JJ., concur.