■ MARIA VALLEJO et al., Plaintiffs, and JOHN VALLEJO, JR., et al., Respondents, v BUILDERS FOR THE FAMILY YOUTH, DIOCESE OF BROOKLYN, INC., et al., Appellants, et al., Defendants. [795 NYS2d 712]—

In an action to recover damages for personal injuries, etc., the defendants Builders for the Family Youth, Diocese of Brooklyn, Inc., and Donsia F. King appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Partnow, J.), dated July 7, 2004, as denied their motion for summary judgment dismissing the complaint insofar as asserted against them by the plaintiffs John Vallejo, Jr., and Vanessa

Vallejo on the ground that neither of those plaintiffs sustained a serious injury within the meaning of Insurance Law § 5102 (d), and the defendant Teofilio P. Rendon separately appeals, as limited by his brief, from so much of the same order as denied his cross motion for summary judgment dismissing the complaint insofar as asserted against him by the plaintiffs John Vallejo, Jr., and Vanessa Vallejo on the ground that neither of those plaintiffs sustained a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with one bill of costs to the appellants, the motion and the cross motion are granted, the complaint is dismissed insofar as asserted against the appellants, and the action against the remaining defendants is severed.

The defendants made a prima facie showing that neither of the infant plaintiffs John Vallejo, Jr., and Vanessa Vallejo (hereinafter the plaintiffs) sustained a serious injury within the meaning of Insurance Law § 5102 (d) (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955 [1992]). In opposition, the plaintiffs' treating physician failed to provide any explanation regarding the nearly 4$\frac{1}{2}$-year gap between the date of the plaintiffs' initial treatments and the date of their subsequent examinations (*see Pommells v Perez*, 4 NY3d 566 [2005]; *Mendoza v Whitmire*, 6 AD3d 675 [2004]; *Jimenez v Kambli*, 272 AD2d 581, 582 [2000]; *Smith v Askew*, 264 AD2d 834 [1999]). In addition, the plaintiffs' treating physician failed to set forth the objective tests he performed to arrive at his conclusions regarding the plaintiffs' alleged limitations of motion (*see Kauderer v Penta*, 261 AD2d 365, 366 [1999]). Further, the plaintiffs' treating physician impermissibly relied upon unsworn medical findings of other doctors (*see Mahoney v Zerillo*, 6 AD3d 403 [2004]; *Jimenez v Kambli, supra* at 582). Accordingly, the plaintiffs failed to raise a triable issue of fact, and the Supreme Court should have granted summary judgment in favor of the appellants. Adams, J.P., Cozier, Ritter and Skelos, JJ., concur.