■ Anna Silkowski, Appellant, v Fred Alvarez et al., Respondents. [798 NYS2d 468]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Polizzi, J.), dated June 16, 2003, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

The defendants made a prima facie showing that the plaintiff did not sustain a serious injury as a result of the subject accident (*see* Insurance Law § 5102 [d]; *Kearse v New York City Tr. Auth.*, 16 AD3d 45 [2005]; *Meely v 4 G's Truck Renting Co.*, 16 AD3d 26 [2005]). The plaintiff, in opposition, failed to raise a triable issue of fact as to whether she sustained a serious injury. Contrary to the Supreme Court's determination, the plaintiff's expert was entitled to rely on the unaffirmed magnetic resonance imaging (hereinafter MRI) reports of the plaintiff's cervical and lumbosacral spines because the defendant's examining neurologist referred to them (*see Ayzen v Melendez*, 299 AD2d 381 [2002]; *Perry v Pagano*, 267 AD2d 290 [1999]). However, the affidavit of the plaintiff's expert simply adopted the findings in the unaffirmed MRI reports of, inter alia, bulging and herniated discs, without setting forth any objective evidence based on a recent examination of the plaintiff of the extent and duration of the physical limitations, if any, resulting from those disc injuries (*see Kearse v New York City Tr. Auth., supra*). Under the circumstances, the Supreme Court properly determined that the plaintiff did not raise an issue of fact as to whether she sustained a serious injury (*see Paul v Trerotola*, 11 AD3d 441 [2004]; *Grossman v Wright*, 268 AD2d 79, 84 [2000]). Adams, J.P., Cozier, Ritter and Skelos, JJ., concur.