■ MALANKARA ARCHDIOCESE OF SYRIAN ORTHODOX CHURCH IN NORTH AMERICA et al., Appellants, v MALANKARA JACOBITE CENTER OF NORTH AMERICA, INC., et al., Respondents. [808 NYS2d 327]—In an action, inter alia, to enjoin the defendants from maintaining a related summary proceeding and for a judgment declaring that a ''deed of lease'' between the defendant Malankara Jacobite Center of North America, Inc., and the plaintiff Ezhamalil Eapen is null and void, the plaintiffs appeal (1), as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Murphy, J.), entered March 30, 2004, as granted that branch of the defendants' cross motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (7), and (2) from so much of an order of the same court entered October 13, 2004, as denied that branch of their motion which was denominated as one for leave to reargue and renew but was, in actuality, for leave to reargue.

Ordered that the appeal from so much of the order entered March 30, 2004, as granted that branch of the cross motion which was to dismiss the cause of action to enjoin the defendants from maintaining a related summary proceeding is dismissed as academic; and it is further,

Ordered that the appeal from the order entered October 13, 2004, is dismissed; and it is further,

Ordered that the order entered March 30, 2004, is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the respondents.

Since the summary proceeding commenced against the plaintiff Ezhamalil Eapen was dismissed during the pendency of this appeal, all issues concerning that proceeding have been rendered academic (*see Jolly King Rest. v Hershey Chan Realty,* 214 AD2d 422 [1995]; *Blenheim Trading Corp. v Zitomer Pharm.,* 191 AD2d 333 [1993]; *Bissell v Pyramid Cos.,* 125 AD2d 876 [1986]).

The only question raised on a motion to dismiss in a declaratory judgment action is whether a proper case is presented for invoking the jurisdiction of the court to make a declaratory judgment. The issue is not whether the movants are entitled to a declaration in their favor (*see Hallock v State of New York,* 32 NY2d 599, 603 [1973]). We agree with the Supreme Court that this case presents a nonjusticiable religious dispute which cannot be resolved without interfering in matters of church doctrine and governance (*see Presbyterian Church in U.S. v Mary Elizabeth Blue Hull Mem. Presbyt. Church,* 393 US 440, 449 [1969]; *First Presbyt. Church of Schenectady v United Presbyt. Church in U.S. of Am.,* 62 NY2d 110, 117 [1984], *cert denied* 469 US 1037 [1984]).

The plaintiffs' motion, although denominated as one for leave to reargue and renew, was in actuality one for leave to reargue, the denial of which is not appealable (*see Warner v Carter,* 21 AD3d 483 [2005]). Prudenti, P.J., S. Miller, Spolzino and Dillon, JJ., concur.