■ LINDA MOORE, Respondent, v CHALLAR A. EDISON, Appellant. [811 NYS2d 724]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Schmidt, J.), dated March 23, 2005, which denied the defendant's motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The defendant made a prima facie showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) by submitting copies of the plaintiff's deposition testimony and the affirmed medical report of the defendant's own examining physician (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955 [1992]; *Meely v 4 G's Truck Renting Co., Inc.*, 16 AD3d 26 [2005]; *Kearse v New York City Tr. Auth.*, 16 AD3d 45 [2005]). In opposition, the evidence submitted by the plaintiff was insufficient to raise a triable issue of fact. The plaintiff submitted the affirmation of her own treating physician who last treated

the plaintiff almost two years prior to the defendant's motion. While her treating physician stated in his affirmation that he conducted a physical examination of the plaintiff, no date was given as to when this occurred. As such, the results of the examination have no probative value in the absence of a more recent examination (*see Mohamed v Dhanasar*, 273 AD2d 451 [2000]; *Evans v Mohammad*, 243 AD2d 604 [1997]). The affirmation of the plaintiff's other treating physician also lacked any probative value since that physician was not a physician authorized by law to practice in the State of New York (*see* CPLR 2106; *Palo v Latt*, 270 AD2d 323 [2000]). In the absence of admissible objective evidence of injury, the plaintiff's self-serving affidavit was insufficient to raise a triable issue of fact (*see Rodney v Solntseu*, 302 AD2d 442 [2003]; *Paulino v Xiaoyu Dai*, 279 AD2d 619 [2001]; *Fisher v Williams*, 289 AD2d 288 [2001]).

Accordingly, the defendant was entitled to summary judgment dismissing the complaint. Cozier, J.P., Luciano, Fisher and Covello, JJ., concur.