■ LENARD BARZEY, Appellant, v ZENOBIA CLARKE et al., Respondents. [815 NYS2d 106]—

In an action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Queens County (Weiss, J.), dated October 26, 2004, as granted those branches of the separate motions of the defendant Zenobia Clarke and the defendants Evan Moran and Atlas Roll-Off Corporation which were for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.

The defendants established, prima facie, that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955 [1992]). In opposition, the plaintiff failed to raise a triable issue of fact. The affirmed medical reports of the plaintiff's treating physician, and examining orthopedist were insufficient to raise a triable issue of fact as to whether the plaintiff sustained a serious injury since neither report was based on a recent examination of the plaintiff (*see Constantinou v Surinder*, 8 AD3d 323 [2004]; *Elgendy v Nieradko*, 307 AD2d 251 [2003]; *Kauderer v Penta*, 261 AD2d 365 [1999]). The affirmed report of the plaintiff's other examining orthopedist also was insufficient to raise a triable issue of fact since he failed to adequately discuss or explain a lengthy gap in the plaintiff's

treatment (*see Pommells v Perez,* 4 NY3d 566 [2005]; *Batista v Olivo,* 17 AD3d 494 [2005]; *Barnes v Cisneros,* 15 AD3d 514 [2005]; *Allyn v Hanley,* 2 AD3d 470 [2003]). In addition, it was unclear as to when that orthopedist examined the plaintiff.

Moreover, there was no competent medical evidence to support a claim that the plaintiff was unable to perform substantially all of his daily activities for not less than 90 of the first 180 days as a result of the subject accident (*see Sainte-Aime v Ho,* 274 AD2d 569 [2000]; *Arshad v Gomer,* 268 AD2d 450 [2000]; *DiNunzio v County of Suffolk,* 256 AD2d 498 [1998]). Miller, J.P., Ritter, Luciano, Spolzino and Dillon, JJ., concur.