■ Myrthee Legendre, Appellant, v Siqing Bao et al., Respondents. [816 NYS2d 495]—

In an action, inter alia, to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from (1) so much of an order of the Supreme Court, Queens County (Agate, J.), dated January 19, 2005, as granted that branch of the defendants' motion which was for summary judgment dismissing the first cause of action on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) and (2) so much of a judgment of the same court entered September 16, 2005, as, upon the order dated January 19, 2005 and upon an order dated April 11, 2005, which, upon reargument and renewal, adhered to the prior determination, is in favor of the defendant and against her dismissing the first cause of action.

Ordered that the appeal from the order dated January 19, 2005 is dismissed; and it is further,

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendants.

The appeal from the intermediate order dated January 19, 2005 must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241 [1976]). The issues raised on appeal from that order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The defendants made a prima facie showing that the plaintiff did not sustain a serious injury within the meaning of Insur-

ance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler,* 79 NY2d 955 [1992]; *Giraldo v Mandanici,* 24 AD3d 419 [2005]). In opposition, the plaintiff failed to establish a triable issue of fact as to whether she sustained a serious injury. The numerous unsworn and unaffirmed reports of her treating doctor, chiropractor, and acupuncturist submitted by the plaintiff were without probative value (*see Hernandez v Taub,* 19 AD3d 368 [2005]; *Holder v Brown,* 18 AD3d 815 [2005]; *Mendoza v Whitmire,* 6 AD3d 675 [2004]). Moreover, while two of the medical reports submitted in opposition were properly affirmed, they too failed to raise a triable issue of fact. The July 19, 2002 medical report of Dr. John McGee, the plaintiff's treating physician, was not based on a recent examination of the plaintiff (*see Farozes v Kamran,* 22 AD3d 458 [2005]; *Batista v Olivo,* 17 AD3d 494 [2005]; *Silkowski v Alvarez,* 19 AD3d 476 [2005]; *Constantinou v Surinder,* 8 AD3d 323 [2004]), and the medical report of Dr. Aric Hausknecht, the plaintiff's examining physician, failed to address the findings of degeneration in the plaintiff's cervical and lumbar spine as set forth in the report of the defendants' radiologist, Dr. Richard A. Heiden (*see Giraldo v Mandanici, supra; Ifrach v Neiman,* 306 AD2d 380 [2003]; *Lorthe v Adeyeye,* 306 AD2d 252 [2003]). Since the premise of Dr. Hausknecht's report was that the cervical and lumbar limitations observed upon his range of motion testing in December 2004 were caused by the subject accident, his conclusion in that regard was clearly speculative (*see Giraldo v Mandanici, supra; Lorthe v Adeyeye, supra*). Miller, J.P., Ritter, Luciano, Spolzino and Dillon, JJ., concur.