WILLARD STILLMAN, Appellant, v EDWARD KALIKOW et al., Respondents. [818 NYS2d 520]—In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Nassau County (Warshawsky, J.), dated April 20, 2005, which denied his motion for leave to amend the caption and the complaint.

Ordered that the appeal from so much of the order as denied that branch of the plaintiff's motion which was for leave to amend the caption to reflect the proper name of the defendant K & S Waterford Project is dismissed as academic; and it is further,

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion which was for leave to amend the caption to reflect the proper name of the defendant Morrisville Shopping Center, and substituting therefor a provision granting that branch of the motion; as so

modified, the order is affirmed insofar as reviewed, without costs or disbursements.

In light of this Court's recent determination in *Stillman v Kalikow* (22 AD3d 660 [2005]), the appeal from so much of the order as denied that branch of the plaintiff's motion which was for leave to amend the caption to reflect the proper name of the defendant K & S Waterfront Project is dismissed as academic.

The Supreme Court erred in denying the plaintiff leave to amend the caption to reflect that the proper name of the defendant Morrisville Shopping Center is KEP Morrisville Realty, LLC (*see Cutting Edge v Santora*, 4 AD3d 867 [2004]; *Dubar v Wilmorite, Inc.*, 298 AD2d 918 [2002]).

However, the court properly denied that branch of the plaintiff's motion which was for leave to amend the complaint to add new causes of action. Leave to amend a pleading should be denied where the proposed amendment is palpably insufficient as a matter of law (*see Consolidated Payroll Servs., Inc. v Berk*, 18 AD3d 415 [2005]; *Ogilvie v McDonald's Corp.*, 294 AD2d 550 [2002]; *McDermott v Presbyterian Congregation of Bethlehem*, 275 AD2d 305 [2000]). The proposed amended complaint did not adequately state causes of action to recover in quantum meruit and for unjust enrichment (*see Fallon v McKeon*, 230 AD2d 629 [1996]; *Martin H. Bauman Assoc. v H & M Intl. Transp.*, 171 AD2d 479 [1991]).

In light of our determination, we do not reach the parties' remaining contentions.

Motion by the respondents on an appeal from an order of the Supreme Court, Nassau County, dated April 20, 2005, inter alia, to strike portions of the record on appeal on the ground that it contains matter dehors the record. By decision and order on motion of this Court dated November 3, 2005, that branch of the motion which is to strike portions of the record on appeal was held in abeyance and was referred to the Justices hearing the appeal for determination upon the argument or submission of the appeal.

Upon the papers filed in support of the motion, the papers filed in opposition thereto, and upon the submission of the appeal, it is

Ordered that the branch of the motion which is to strike portions of the record on appeal is denied. Adams, J.P., Santucci, Lunn and Dillon, JJ., concur.