■ Betty N. Olson et al., Appellants, v Michael S. Russell, Respondent. [828 NYS2d 417]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of (1) an order of the Supreme Court, Suffolk County (Berler, J.), entered September 22, 2005, as granted the defendant's motion for summary judgment dismissing their complaint on the ground that the plaintiff Betty Olson did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), (2) a judgment of the same court dated November 10, 2005, as, upon the order, dismissed the complaint, and (3) an order of the same court entered January 9, 2006, which denied their motion,

denominated as one for leave to renew and reargue, but which, in actuality, was for leave to reargue the defendant's prior motion. The notice of appeal from the order entered September 22, 2005 is deemed also to be a notice of appeal from the judgment (*see* CPLR 5501 [c]).

Ordered that the appeals from the orders are dismissed; and it is further,

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is payable by the appellants to the respondent.

The appeal from the intermediate order entered September 22, 2005, must be dismissed because the right of direct appeal therefrom terminated with entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

On his motion for summary judgment, the defendant made a prima facie showing that the plaintiff Betty Olson (hereinafter the injured plaintiff) did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955 [1992]; *see also Giraldo v Mandanici*, 24 AD3d 419 [2005]; *Meyers v Bobower Yeshiva Bnei Zion*, 20 AD3d 456 [2005]). In opposition, the plaintiffs failed to raise a triable issue of fact. While the affirmation of the plaintiffs' examining orthopedic surgeon set forth range of motion findings that were compared to the normal range of motion and based on objective testing, it is unclear from that affirmation whether those findings were based on recent examinations of the injured plaintiff (*see Legendre v Bao*, 29 AD3d 645 [2006]; *Tudisco v James*, 28 AD3d 536 [2006]; *Barzey v Clarke*, 27 AD3d 600 [2006]; *Moore v Edison*, 25 AD3d 672 [2006]; *Murray v Hartford*, 23 AD3d 629 [2005]; *Farozes v Kamran*, 22 AD3d 458 [2005]; *Batista v Olivo*, 17 AD3d 494 [2005]; *Silkowski v Alvarez*, 19 AD3d 476 [2005]; *Constantinou v Surinder*, 8 AD3d 323 [2004]; *Elgendy v Nieradko*, 307 AD2d 251 [2003]; *Kauderer v Penta*, 261 AD2d 365 [1999]). Moreover, it is clear that the plaintiffs' treating orthopedic surgeon relied on the unsworn report of another doctor in reaching his conclusions (*see Friedman v U-Haul Truck Rental*, 216 AD2d 266 [1995]; *see also Vallejo v Builders for Family Youth, Diocese of Brooklyn, Inc.*, 18 AD3d 741 [2005]). Without any objective evidence of serious injury, the injured plaintiff's self-serving affidavit was insuf-

ficient to raise a triable issue of fact as to whether she sustained a serious injury (*see Rodney v Solntseu,* 302 AD2d 442 [2003]; *Fisher v Williams,* 289 AD2d 288 [2001]; *Paulino v Xiaoyu Dai,* 279 AD2d 619 [2001]). Furthermore, the plaintiffs failed to submit competent medical evidence that the injured plaintiff was unable to perform substantially all of her daily activities for not less than 90 of the first 180 days subsequent to the subject accident (*see Sainte-Aime v Ho,* 274 AD2d 569 [2000]).

The plaintiffs' motion, denominated as one for leave to renew and reargue, was not based upon new facts which were unavailable at the time of the prior motion. In addition, the plaintiffs failed to offer a valid excuse as to why the evidence offered in support of their motion for leave to renew and reargue was not submitted in opposition to the defendant's motion for summary judgment which sought to dismiss the plaintiffs' complaint on the ground that the injured plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). Therefore, the motion, though denominated as a motion for leave to renew and reargue, was in fact a motion for leave to reargue, the denial of which is not appealable (*see Crawn v Sayah,* 31 AD3d 367 [2006]; *Malankara Archdiocese of Syrian Orthodox Church in N. Am. v Malankara Jacobite Ctr. of N. Am., Inc.,* 24 AD3d 626 [2005]). Therefore, the appeal from the order entered January 9, 2006 must be dismissed. Schmidt, J.P., Ritter, Mastro, Fisher and Dillon, JJ., concur.