■ DAVID J. DOYAGA et al., Appellants, v TELEEBA, INC., et al., Respondents. [828 NYS2d 443]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Hinds-Radix, J.), dated September 2, 2005, which granted the motion of the defendant Gabriel Yakubovich, and the separate motion of the defendants Teleeba, Inc., and Mohamed A. Salama, for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff Walter Teruel did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with one bill of costs payable to the defendants appearing separately and filing separate briefs.

The defendants met their respective prima facie burdens on their motions for summary judgment demonstrating that the plaintiff Walter Teruel did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955 [1992]; *see also Kearse v New York City Tr. Auth.*, 16 AD3d 45 [2005]). Contrary to the plaintiffs' contention, in opposition, they failed to raise a triable issue of fact. The affidavit of the plaintiffs' treating physician was insufficient to establish the existence of a serious injury since it relied on the unsworn reports of other doctors (*see Friedman v U-Haul Truck Rental*, 216 AD2d 266 [1995]; *see also Ramirez v Parache*, 31 AD3d 415 [2006]; *Vallejo v Builders for Family Youth, Diocese of Brooklyn, Inc.*, 18 AD3d 741 [2005]; *Mahoney v Zerillo*, 6 AD3d 403 [2004]). In the absence of any objective medical evidence that Walter Teruel sustained a serious injury, his self-serving affidavit was insufficient to raise a triable issue of fact (*see Felix v New York City Tr. Auth.*, 32 AD3d 527 [2006]; *Ramirez v Parache*, 31 AD3d 415 [2006]; *see e.g. Fisher v Williams*, 289 AD2d 288 [2001]). In this regard, the plaintiffs failed to proffer competent medical evidence indicating that Walter Teruel was unable to perform substantially all of his daily activities for not less than 90 out of the

first 180 days as a result of the subject accident (*see Felix v New York City Tr. Auth., supra; Ramirez v Parache, supra; Sainte-Aime v Ho,* 274 AD2d 569 [2000]). Florio, J.P., Ritter, Goldstein and Covello, JJ., concur.