■ YOUNG HWAN PARK, Respondent, v MARTIN ORELLANA, Appellant. [854 NYS2d 447]—

The defendant made a prima facie showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident, by submitting the affirmed medical report of his examining physician and copies of the plaintiff's deposition testimony (*see Toure v Avis Rent A Car Sys.,* 98 NY2d 345, 350-351 [2002]; *Gaddy v Eyler,* 79 NY2d 955, 956-957 [1992]; *Moore v Edison,* 25 AD3d 672 [2006]).

In opposition, the evidence submitted by the plaintiff failed to raise a triable issue of fact as to whether he sustained a serious injury in the nature of a significant and/or a permanent consequential limitation of use to his cervical spine or left shoulder as a result of the subject accident. While the plaintiff's treating chiropractor opined in his affidavit that the plaintiff sustained permanent injuries and limitations to, among other things, his cervical spine as a result of the subject accident, this opinion was not based on a recent examination of the plaintiff (*see Amato v Fast Repair Inc.,* 42 AD3d 477, 478 [2007]; *Ali v Mirshah,* 41 AD3d 748, 749 [2007]; *Elgendy v Nieradko,* 307 AD2d 251 [2003]).

Additionally, although we note that the defendant failed to raise in the Supreme Court his argument that the affirmation of the plaintiff's physician in Maryland did not constitute competent evidence because she was not "authorized by law to practice in the state" (CPLR 2106; *see Moore v Edison,* 25 AD3d 672 [2006]; *Palo v Latt,* 270 AD2d 323 [2000]), even if we were to consider that affirmation, it did not raise a triable issue of fact, because the plaintiff's Maryland physician failed to set forth the objective tests she relied upon in arriving at her conclusions (*see Murray v Hartford,* 23 AD3d 629 [2005]; *Nozine v Sav-On Car Rentals,* 15 AD3d 555, 556 [2005]; *Bailey v Ichtchenko,* 11 AD3d 419, 420 [2004]). Spolzino, J.P., Santucci, Dillon and Balkin, JJ., concur.