In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Orange County (Giacomo, J.), dated July 26, 2007, which granted the defendants’ motion for summary judgment dismissing the complaint on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).
Ordered that the order is affirmed, with costs.
The plaintiff alleges that she sustained various physical and psychological injuries from an accident on August 5, 2003, in which the defendants’ motor vehicle collided with her motor vehicle. After the plaintiff commenced this action, the defendants moved for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).
The defendants established, prima facie, that the injuries the plaintiff allegedly sustained either were not serious within the meaning of Insurance Law § 5102 (d) or were not the result of the subject motor vehicle accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345, 352 [2002]; Gaddy v Eyler, 79 NY2d 955, 957 [1992]). Although “ ‘a causally-related emotional injury, alone or in combination with a physical injury, can constitute a serious injury’ ” (Taranto v McCaffrey, 40 AD3d 626, 627 [2007], quoting Bissonette v Compo, 307 AD2d 673, 674 [2003]), any psychological condition or depression sustained by the plaintiff was found by the defendants’ neurological expert to be unrelated to the subject motor vehicle accident, in light of detailed medical records prepared by the plaintiffs own treating physician establishing that her depressive condition had continually existed since 2000.
The evidence submitted by the plaintiff in opposition to the *763 defendants’ motion failed to raise a triable issue of fact (see Olson v Russell, 35 AD3d 684 [2006]). The affidavit submitted by the plaintiffs treating neurologist, aside from relying in part upon an unsworn EEG report of another physician (see Olson v Russell, 35 AD3d 684, 685 [2006]; Magarin v Kropf, 24 AD3d 733, 734 [2005]; Friedman v U-Haul Truck Rental, 216 AD2d 266, 266-267 [1995]), sets forth a diagnosis of post-traumatic encephalopathy and concussion based only upon the plaintiffs subjective complaints, as all admissible objective test results were normal or inconclusive (see Franchini v Palmieri, 1 NY3d 536, 537 [2003]).
The plaintiffs remaining contentions are without merit. Ritter, J.E, Florio, Miller and Dillon, JJ., concur.