JOANN PATTEN, Appellant, v EDUARDO A. HERNANDEZ et al., Respondents. [915 NYS2d 507]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Agate, J.), dated October 28, 2009, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) and denied, as academic, her cross motion for summary judgment on the issue of liability.

Ordered that the order is affirmed, with costs.

The plaintiff was operating her motor vehicle in the southbound roadway of Marcus Avenue, in New Hyde Park, when it collided with a landscaping trailer towed by a van, which was in the process of executing a left turn from the left turn lane of the opposing roadway onto Laurel Drive. At the time of the occurrence, the van and trailer were owned by the defendant Antonio Guerra and operated by the defendant Eduardo A. Hernandez.

After joinder of issue, the defendants moved for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), and the plaintiff cross-moved for summary judgment on the issue of liability.

The defendants met their prima facie burden of demonstrating their entitlement to judgment as a matter of law by showing, through the affirmed reports of their medical experts, that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject motor vehicle accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]; *Srebnick v Quinn*, 75 AD3d 637 [2010]). The evidence which the plaintiff presented in opposition to the defendants' motion failed to raise a triable issue of fact (*see* CPLR 3212 [b]). Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint.

In view of the foregoing, the Supreme Court properly denied, as academic, the plaintiff's cross motion. Covello, J.P., Dickerson, Hall and Lott, JJ., concur.