Siew Hwee Lim, Appellant, v Dan Dan Transit, Inc., et al., Respondents. [923 NYS2d 677]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (R. Miller, J.), dated July 12, 2010, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), and denied, as academic, her cross motion for summary judgment on the issue of liability.

Ordered that the order is affirmed, with costs.

The defendants met their prima facie burden of showing that the plaintiff, who allegedly sustained injuries to the cervical and lumbar regions of her spine, left ankle, and left foot as a result of the subject accident, did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The defendants submitted evidence establishing that the alleged injuries to the cervical and lumbar regions of the plaintiff's spine did not constitute serious injuries within the meaning of Insurance Law § 5102 (d) (*see Rodriguez v Huerfano*, 46 AD3d 794, 795 [2007]), and, in any event, were not caused by the subject accident (*see Pommells v Perez*, 4 NY3d 566, 579 [2005]). The defendants also submitted evidence establishing that the alleged injuries to the plaintiff's left ankle and left foot did not constitute serious injuries within the meaning of Insurance Law § 5102 (d). In addition, the defendants submitted evidence establishing that the plaintiff's alleged injuries did not prevent the plaintiff from performing substantially all of the material

acts constituting her customary daily activities during at least 90 of the first 180 days following the accident (*see Licari v Elliott*, 57 NY2d 230, 238 [1982]).

In opposition, the plaintiff failed to raise a triable issue of fact as to whether she sustained a serious injury to the cervical or lumbar region of her spine within the meaning of Insurance Law § 5102 (d) as a result of the accident (*see Catalano v Kopmann*, 73 AD3d 963, 964 [2010]; *Olson v Russell*, 35 AD3d 684, 685 [2006]). She also failed to raise a triable issue of fact as to whether the alleged injuries to her left ankle or left foot constituted a serious injury within the meaning of Insurance Law § 5102 (d) (*cf. Ranzie v Abdul-Massih*, 28 AD3d 447, 448 [2006]). Finally, she failed to raise a triable issue of fact as to whether she sustained a serious injury under the 90/180-day category of Insurance Law § 5102 (d) (*see Kauderer v Penta*, 261 AD2d 365, 366 [1999]; *Traugott v Konig*, 184 AD2d 765, 766 [1992]).

Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint, and properly denied, as academic, the plaintiff's cross motion for summary judgment on the issue of liability (*see Patten v Hernandez*, 80 AD3d 739, 740 [2011]). Mastro, J.P., Florio, Leventhal, Belen and Cohen, JJ., concur.