■ SHEILA OLIVER, Appellant, v NEW YORK CITY TRANSIT AUTHORITY, Respondent. [947 NYS2d 173]—

In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Martin, J.), entered April 27, 2010, which, upon a jury verdict on the issue of liability finding the defendant 50% at fault in the happening of the accident, upon a jury verdict on the issue of damages finding that the plaintiff did not sustain a serious injury under the permanent loss of use, permanent consequential limitation of use, and significant limitation of use categories of serious injury within the meaning of Insurance Law § 5102 (d), and upon the denial of the plaintiff's motion pursuant to CPLR 4404 to set aside the verdict on the issue of damages and for a new trial on that issue, is in favor of the defendant and against her, dismissing the complaint.

Ordered that the judgment is reversed, on the law, with costs, the plaintiff's motion pursuant to CPLR 4404 to set aside the verdict on the issue of damages and for a new trial on that issue is granted, and the matter is remitted to the Supreme Court, Kings County, for a new trial on the issue of damages.

On September 11, 2000, the plaintiff was a passenger on a bus owned by the defendant, New York City Transit Authority. She allegedly was injured when the bus stopped and caused her to fall backwards. The plaintiff had a history of rheumatoid arthritis and had undergone two knee replacements and one hip replacement prior to the accident. Following the accident, the plaintiff immediately sought medical treatment and, on September 25, 2000, a fracture of the pelvis and dislocation in the plaintiff's hip was discovered. Over the next few years, she underwent hip replacement revisions, and surgeries on her lumbar spine. The plaintiff commenced this action against the defendant alleging that, as a result of the accident, she sustained serious injuries within the meaning of Insurance Law § 5102 (d).

Following a bifurcated jury trial, the defendant was found to be 50% at fault in the happening of the accident and the jury determined that the accident was a substantial factor in causing injuries to the plaintiff, but that the plaintiff did not sustain a serious injury within the significant limitation of use of a body function or system, a permanent consequential limitation of use of a body organ or member, or a permanent loss of use of a body organ, member, function, or system categories of serious injury. The plaintiff moved pursuant to CPLR 4404 to set aside the verdict on the issue of damages, arguing, inter alia, that the court erred in failing to submit the serious injury category of fracture to the jury in its charge and on the verdict sheet.

We agree with the plaintiff that the jury charge and verdict sheet were improper. The plaintiff was required to show at trial that the alleged injuries were serious within the meaning of Insurance Law § 5102 (d) and that the injuries were proximately caused by the accident (*see Pommells v Perez*, 4 NY3d 566, 574-575 [2005]; *Siew Hwee Lim v Dan Dan Tr., Inc.*, 84 AD3d 1213 [2011]; *Carter v Full Serv., Inc.*, 29 AD3d 342 [2006]). The plaintiff presented evidence showing that in addition to other injuries, she sustained a fracture of her pelvis. Her expert opined that the fracture was caused by the accident. The defendant presented an expert who agreed that there was a fracture but opined that it was caused by medical personnel in an attempt to fix the dislocation of the plaintiff's hip. The court erred in failing to submit to the jury the question of whether the plaintiff suffered a serious injury under the "fracture" category of Insurance Law § 5102 (d), and whether the plaintiff's fracture was caused by the accident. Under these circumstances, the plaintiff is entitled to a new trial on the issues of damages (*see Bassett v Romano*, 126 AD2d 693 [1987]). At this new trial, the plaintiff may seek to establish that she suffered a serious injury under all available categories of Insurance Law § 5102 (d), provided they are supported by a reasonable view of the evidence presented.

The plaintiff's remaining contentions are without merit. Rivera, J.P., Hall, Lott and Austin, JJ., concur.